## Gray v. Connors.

Jan. 24, 1941.

C. Eubank Tucker for appellant.

Luther Roberts for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

In 1930, appellant, Frank Gray (possessing several aliases) was convicted in a proper court of the state of

Alabama of having committed burglary, and was punished by confinement in the penitentiary of that state. While serving his sentence he made his escape from prison and has been a fugitive from justice until his apprehension in Louisville, Kentucky, by a peace officer of that city, or of the county of Jefferson, under a request of the proper Alabama authorities. When arrested he signed a written agreement to waive extradition, and in which he acknowledged his identity as the escaped fugitive from the state of his conviction. But before the necessary papers were obtained for his transfer he withdrew his written waiver, which was followed by a hearing before the Governor of this Commonwealth, Hon. Keen Johnson, who ordered and directed the extradition of appellant from this, his asylum state, and his delivery to the proper authorities of Alabama, wherein he stood convicted, and the Governor then issued his warrant accordingly. Before it (Governor's warrant) was executed, and the order therein contained carried out, appellant applied to the Criminal Division of the Jefferson Circuit Court for a writ of habeas corpus seeking his release from arrest because, (a) as he contended, the law applicable to a valid extradition order had not been complied with, and (b) that being a convicted felon and not merely an accused but untried one (as he contended) he could not be extradited under the law applicable to such a procedure.

The habeas corpus case was heard by the Hon. Loraine Mix, Judge of the Criminal Branch of the Jefferson Circuit Court, and he declined to grant the writ and dismissed the proceedings. This is an appeal from that judgment, prosecuted under the provisions of Chapter 93 of the Acts of 1940, amending Section 429 of our Criminal Code of Practice, so as to authorize appeals to this court from such judgments, which prior to that enactment were denied. See cases cited in notes (3) and (3a) to Section 399 of our Criminal Code of Practice.

The original petition for the writ of habeas corpus for some reason was not copied in the record filed in this court, but an amendment thereto is in the record and no one connected with the case has entered any objection to the failure to incorporate the original petition. However, the arguments of the respective parties are sufficient to disclose what it contains as grounds for

the relief sought. Those embraced in subdivision (a), supra, are most technical and also immaterial, even if they existed. But it clearly appears from the record that the provisions of Article I of Chapter 56 of our present Statutes were substantially complied with. The statutory provision embraces Sections 1926 to and including 1931 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes, and is our enactment for the extradition of escaped criminal and fugitives from justice from other state jurisdictions of the Union, pursuant to provisions in Section II of Article IV of the Constitution of the United States. None of the alleged grounds embraced by subdivision (a), ante, are seriously insisted upon, for the reason, no doubt, that they are wholly unfounded, and, therefore, we will devote neither space nor time to their enumeration, much less discussion.

The provisions of the Federal Constitution referred to authorize extradition of a fugitive from justice in two states of case—(1) where the fugitive is charged only with the commission of a felony and has escaped the jurisdiction of the state whose criminal laws he violated, but before trial, and (2) where he has been tried and convicted with imposed imprisonment as punishment and later escapes before his sentence expires, and which latter provision is thus phrased in the Federal Constitution: "No Person held to Service or Labour in one State, under the Laws thereof, escaping into another, shall, in Consequence of any Law or Regulation therein, be discharged from such Service of Labour, but shall be delivered up on Claim of the Party to whom such Service or Labour may be due." Such constitutional mandate is itself a sufficient answer to subdivision (b); but the courts universally, as well as text writers—in all cases and without dissent—hold that an escaped convict who is under sentence of imprisonment for the commission of a felony within the jurisdiction wherein he was convicted, may be extradited from the asylum state to the convicting one the same as may be done with a fugitive who stands merely accused of violating the laws of the jurisdiction from which he fled. The criminal in either case is a "fugitive from justice" authorizing extradition proceedings for his return from the asylum state to the one whose laws he violated. Hence, we find this statement in the text of 22 Am. Jur. page 264, Section 25:

"An escaped convict is a fugitive from justice as well as an accused person, and is properly subject to extradition." In the same section it is said that a convicted prisoner who has been paroled and escapes the jurisdiction of the court convicting him is likewise subject to extradition, although paroled in accordance with its laws.

There is cited in the note to that text the case of State of Washington, etc., v. Remann, Judge, 165 Wash. 92, 4 P. (2d) 866, 78 A. L. R. 412, which was a habeas corpus proceedings arising out of facts almost identical with those appearing in this case. The Washington Supreme Court therein dismissed the habeas corpus proceedings, thereby overruling the chief ground upon which the instant application was based, i. e., that one already convicted of a felony who flees from the jurisdiction of the convicting court is not a fugitive from justice so as to authorize him to be extradited from his asylum state to the one where he stands convicted. The annotation to that opinion—beginning on page 419 of 78 A. L. R.—is specifically devoted to "Extradition of escaped or paroled convicts, or one at liberty on parole." On page 420 of 78 A. L. R. the annotator says: "Cases supporting the general rule above stated, and holding that escaped convicts are properly the subjects of extradition are the following." A number of cases from different jurisdictions are then cited, and the writer thereof found none to the contrary, nor have we, or counsel for petitioner, been able to do so.

Compare, also, annotation in 8 A. L. R. 901, and in 36 L. R. A. 486. Under our 1940 act, ante, extending the right of appeal in habeas corpus cases, it is provided, inter alia, that when the appeal is taken in accordance with its terms a hearing may be had, even during vacation, by a majority of the members of this court and a decision of the appeal rendered the same as if the court was in regular session. Pursuant thereto this case was heard as therein provided for on December 27, 1940, and the judgment was affirmed; but with the declaration that an opinion would be later delivered. This opinion is prepared and delivered in accordance therewith.

Wherefore, the judgment is affirmed as of the date of December 27, 1940.