**David L. DAVIS, Warden, Kentucky State Reformatory, Appellant,**

v.

**Evoyd HARRIS, Appellee.**

Court of Appeals of Kentucky.

March 9, 1962.

John B. Breckinridge, Atty. Gen., Ray Corns, Asst. Atty. Gen., for appellant.

H. Elliott Netherton, La Grange, for appellee.

PALMORE, Judge.

In this habeas corpus proceeding the Oldham Circuit Court adjudged that Evoyd Harris be released from the Kentucky State

Reformatory at La Grange. The state appeals.

In October or November of 1960 Harris was convicted of forgery in the Jefferson Circuit Court and sentenced to 2 years in prison. The sentence was not executed in due course. Instead, the prisoner was held in jail for purposes of trial in the United States District Court at Louisville on a federal charge. This trial was had on December 21, 1960, and resulted in a prison sentence of a year and a day. On January 11, 1961, Harris was released to federal authorities, who carried out the judgment of the District Court by delivering him to the Ohio Federal Reformatory at Chillicothe. All of this comity between the local and federal authorities was practiced without benefit of any statutory authority from this state and without the prisoner's consent.

Harris was released from the Chillicothe institution on October 4, 1961, and turned over to officers from Jefferson County acting pursuant to some sort of warrant, the details of which are not in the record. He was then committed to the reformatory at La Grange as directed by the November, 1960, judgment of the Jefferson Circuit Court.

The question here is whether Jones v. Rayborn, Ky.1961, 346 S.W.2d 743, applies. It does.

The evil in this and the Rayborn case is not so much what was done, but that it was done without authority. Because human liberty is precious the handling of a prisoner is always a serious matter. If he is to be shuttled about pillar to post from one jurisdiction to another it is important that the process be carried out under the safeguard of known ground rules. The only such rule we have in this jurisdiction is KRS 440.330, enacted in 1960, which reads as follows:

"The Governor may in his discretion surrender upon demand of the executive authority of another state, any person found in this state, notwithstanding the fact that a criminal prosecution or charges under the laws of this state are pending against such person, or that such person has been convicted in this state and is serving a sentence in any penal institution of this state. The Governor may condition the release of such prisoner to the demanding state upon such terms as he may stipulate, including the condition that the prisoner be returned to this state immediately after trial and before commencing the service of sentence, if any, in the demanding state; provided, however, in no case shall surrender of such prisoner be construed as a complete relinquishment of jurisdiction by this state, but such prisoner shall forthwith be returned to the custody of this state at expense of the demanding state, immediately after trial in the demanding state, or the completion of sentence therein, as the case may be."

■■ Given a liberal and practical construction, as we believe it should have, this statute is broad enough to authorize a transfer by the Governor of this state on request of the Attorney General of the United States or his duly authorized representative. However, it implies no policy toward entrusting such a grave discretion to local law enforcement authorities. Hence the treatment of Harris was arbitrary and, under the Rayborn case, forfeited this state's right to complete the execution of his sentence.

Judgment affirmed.