William R. Brennan, Jr., J.
The relator invokes the writ of habeas corpus to test the jurisdiction of the County Court of Nassau County to try him upon a multiple count indictment for robbery, grand larceny and assault. He asserts that due process was not observed in procuring his extradition from the State of Kentucky. For the purposes of disposing of the instant application, it will he assumed (without determining the issue) that the proceedings in the surrendering State did not conform to its requirements and were in violation of the relator’s rights. The fact is that the relator was returned to this jurisdiction and thereafter pleaded to the indictment in the County Court, a plea which resulted in subsequent proceedings that are not involved in this application.
As recently as 1952 the Supreme Court of the United States, speaking through Mr. Justice Black, unanimously said: “ This Court has never departed from the rule announced in Ker v. Illinois, 119 U. S. 436, 444, that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court’s jurisdiction by reason of a ‘ forcible abduction. ’ No persuasive reasons are now presented to justify overruling this line of cases. They rest on the sound basis that due process of law is satisfied when one present in court is convicted of crime after having been fairly apprized of the charges against him and after a fair trial in accordance with constitutional procedural safeguards. There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was *346 brought to trial against bis will.” (Frisbie v. Collins, 342 N. S. 519, 522.)
In short, a State is not barred from prosecuting persons wrongfully brought to it by its officers, and this has been a consistent view of the Supreme Court as well as of our State courts (cf. 48 American Bar Association Journal 738, 740; People v. Eberspacher, 79 Hun 410, 411 where the court said: < < The general rule is that it is no defense to a criminal prosecution that the defendant was illegally or forcibly brought within the jurisdiction of the court ”; People v. Dileo, 194 App. Div. 793, 794).
The relator’s counsel strongly urges that there is a trend in recent decisions of the United States Supreme Court 1‘ which indicate [s] a broad liberal approach in its judicial philosophy towards ‘ due process’ interpretation”, and that that court would sustain the relator’s contentions if the problem were again presented to it. He, therefore, urges this court to anticipate the Supreme Court by editing Frisbie. However, it is elementary that this court is bound to follow the precedents established for it by the higher New York State courts and by the Supreme Court of the United States when they are clearly applicable, as they are in the matter at bar (cf. Bourjois Sales Corp. v. Dorfman, 273 N. Y. 167, 170). If Frisbie is to be overruled, it will necessarily have to be by the Supreme Court.
The relator has heretofore been remanded to the custody of the Warden pending the determination of this application. The writ is now dismissed.