Robert A. PRATHER, Jr., Appellant,

v.

COMMONWEALTH of Kentucky et al., Appellees.

Court of Appeals of Kentucky.

May 17, 1963.

Robert Andrew Prather, Jr., pro se.

John B. Breckinridge, Atty. Gen., Ray Corns, Asst. Atty. Gen., for appellees.

MILLIKEN, Judge.

Appellant filed this habeas corpus action in forma pauperis pro se, asserting that he had been deprived of his constitutional rights and that the state had waived its jurisdiction over him by turning him over to the Federal authorities in the Western District of Kentucky.

The appellant had been arrested in Nelson County charged with carrying a deadly weapon and being in possession of burglary tools. Since he was unable to make bail, he was detained in custody in the Nelson County jail. He was released to the Federal authorities to face a charge that he had transported a car in interstate commerce. He was released on bond by the Federal authorities to appear before the United States District Court at Louisville on October 1, 1962. Subsequent to his release on bond, he was rearrested for attempting to flee the state to avoid prosecution on the state charges in Nelson County and was jailed in that county in September, 1962. In October, 1962, the Nelson County grand jury indicted him for the offense of carrying concealed a deadly weapon and for possession of burglary tools, and he was subsequently convicted and sentenced to three years in the state reformatory at LaGrange.

This is not a case within the scope of our rules in Jones v. Rayborn (1961), Ky., 346 S.W.2d 743, and Davis v. Harris (1962), Ky., 355 S.W.2d 147, where convictions had been obtained in the state courts and the men were serving state sentences when released without their consent by local state authorities to other jurisdictions to face charges. In the case at bar, the appellant had not been indicted and convicted for the state offenses prior to his release to the Federal officers, and the state, therefore, did not waive its right to indict and prosecute

him for those offenses. In Jones v. Rayborn and Davis v. Harris, the state released the prisoners without their consent to authorities of other jurisdictions after they had been convicted, and we held that the state had waived its rights to subject the prisoners to further imprisonment on state charges after the service of their sentences in the other jurisdictions; we held that Kentucky had waived its rights to a return of the prisoners to this state.

The judgment denying habeas corpus is affirmed.