Raymond O. BAKER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

April 24, 1964.

John B. Breckinridge, Atty. Gen., Frankfort, for appellant.

Raymond O. Baker, LaGrange, pro se.

CLAY, Commissioner.

In this habeas corpus proceeding appellant sought release from the State Reformatory at LaGrange on the ground that he was being held without authority because Kentucky had waived or forfeited its jurisdiction over him. The trial court denied relief.

While out on parole from a 21 year sentence appellant was arrested in Jefferson County on the charge of robbery. A parole violation warrant was issued but it is not clear from the record whether this was served upon him. In any event, he was not arrested and taken into custody by the parole authorities on this warrant.

The Jefferson County authorities filed away the robbery charge and released him to the federal government on a detainer filed by it. He was tried on the federal charge and given a two year sentence, which was subsequently reduced. Upon his release by the federal authorities he was picked up on the parole violation warrant and returned to LaGrange to serve out his original sentence.

It is contended that under our cases of Jones v. Rayborn, Ky., 346 S.W.2d 743; Davis v. Harris, Ky., 355 S.W.2d 147; and Thomas v. Schumaker, Ky., 360 S.W.2d 215, Kentucky had waived or forfeited its jurisdiction to reconfine appellant. In Crady v. Cranfill, Ky., 371 S.W.2d 640, we concluded that the question was not one of constitutional right but of state policy and comity. Assuming, however, that appellant has properly presented a claim of violation of his rights, the facts do not justify granting relief under this doctrine.

In the Jones, Davis and Thomas cases the prisoner was released to another jurisdiction for trial by those having him in custody by virtue of a conviction and sentence. We are not inclined to extend the principle applied in those cases beyond this basic situation.

Here appellant was not in custody under his original conviction or sentence. He was being held by the Jefferson County authorities on another criminal charge. His release by those having him in custody on this charge did not constitute a waiver or forfeiture of jurisdiction. Prather v. Commonwealth, Ky., 368 S.W.2d 175.

Assuming that if he had been in custody of the parole authorities under the parole violation warrant this would have been by virtue of his sentence, at the time of his release he was not in such custody.

The judgment is affirmed.