**John J. LYONS, Appellant,**

v.

**Luther THOMAS, Warden, Kentucky State Penitentiary, Appellee.**

Court of Appeals of Kentucky.

May 8, 1964.

John J. Lyons, pro se.

Robert F. Matthews, Atty. Gen., Joe Nagle, Asst. Atty. Gen., Frankfort, for appellee.

MONTGOMERY, Judge.

John J. Lyons appeals from a denial of his petition for habeas corpus. He alleged that he was illegally restrained in the Eddyville penitentiary because of lack of extradition from the State of California.

By his petition Lyons alleges that he is under sentence to serve twenty-one years' imprisonment; that while he was serving his sentence at the LaGrange reformatory he was transferred to the Central State Hospital for treatment; that while there he escaped; and that he was captured in California and returned to the Eddyville penitentiary without extradition proceedings. Petitioner was returned under the provisions of the "Mental Health Interstate Compact." KRS 210.520.

As an escaped convict, petitioner was a fugitive from justice. Gray v. Connors, 285 Ky. 229, 147 S.W.2d 384. His status is less favorable than that of the petitioner in Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541, who had been returned by force to Michigan from Illinois for trial. In denying habeas corpus in an attack on his conviction, the Court held:

> "There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will."

See also Jackson v. Olson, 146 Neb. 885, 22 N.W.2d 124, 165 A.L.R. 932 (1946), annotation following at 165 A.L.R. 947; and People v. Ramsden, 36 Misc.2d 345, 232 N.Y.S.2d 633 (1962).

This is in accord with the rule stated in Wharton's Criminal Law and Procedure, Volume 4, Section 1675, page 409, as follows:

> "The regularity of extradition proceedings can be attacked only in the asylum state; and after an alleged fugitive has been delivered into the jurisdiction of the demanding state, such proceedings cannot be questioned on habeas corpus."

Petitioner does not question the legality of his conviction and sentence under which he is confined. Under the authority cited, he will not be heard to question the means by which he was returned to such confinement. 25 Am.Jur., Habeas Corpus, Section 71, page 198.

Judgment affirmed.