**Virgil TURNER, Appellant,**

**v.**

**Luther THOMAS, Warden, Commonwealth of Kentucky, et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 23, 1964.

Virgil Turner, pro se.

Robert Matthews, Atty. Gen., Martin Glazer, Asst. Atty. Gen., for appellees.

PALMORE, Judge.

The question raised in this habeas corpus proceeding is whether, by placing a prisoner on parole and releasing him to the supervision of the parole authorities of another state, the parole authorities of this state relinquish the power to revoke his parole and return him to prison here for the completion of his sentence.

Jones v. Rayborn, Ky., 346 S.W.2d 743 (1961); Davis v. Harris, Ky., 355 S.W.2d 147 (1962), and Thomas v. Schumaker, Ky., 360 S.W.2d 215 (1962), on which the petitioner relies, all were cases in which physical custody of the prisoner was given over to another jurisdiction without statutory or other regulatory authority for the procedure. From a prisoner of this state he became a prisoner of the other. In the instant case the petitioner was permitted to reside in Illinois, presumably under authority of the Uniform Act for Out-of-State Parolee Supervision, KRS 439.560. He did not go to Illinois as a prisoner in fact or to face arrest or prosecution there. In his relationship to it as a parolee the State of Illinois had no power or jurisdiction except as an agent of the parole authorities of this state. There was but one state that had the power to re-imprison him, and that state was Kentucky. There was no relinquishment of jurisdiction.

There is not a sufficient record for us to reach the question of whether the petitioner was arbitrarily treated in the revocation of his parole.

The judgment is affirmed.