Gary HERNDON, Appellant,

v.

John W. WINGO, Warden, Kentucky
State Penitentiary, Appellee.

Court of Appeals of Kentucky.

Feb. 18, 1966.

Gary Herndon, pro se.

Robert Matthews, Atty. Gen., Frank-
fort, for appellee.

DAVIS, Commissioner.

Gary Herndon, presently confined at
Eddyville State Penitentiary, sought re-
lease through the writ of habeas corpus.
The lower court denied the relief and Hern-
don has appealed.

The gist of appellant's claim for relief is
summarized: On February 13, 1963, he
was convicted in the Calloway Circuit Court
upon his guilty plea to an indictment under
KRS 433.220; his punishment was fixed
at imprisonment for five years. Thereupon,
says appellant, he was granted probation and
simultaneously "released to the jurisdiction
of the State of Tennessee" for the purpose
of standing trial upon a criminal charge
pending there. Appellant was convicted
in Tennessee and sentenced to a term in
jail for eleven months, plus. He escaped
from jail in Tennessee, but was recaptured
while riding in a stolen car. He was duly
convicted on the stolen car charge by
Tennessee authority, and sentenced to im-
prisonment for three years. Appellant was
released by Tennessee authorities (just
when and how is not shown); thereupon
he returned to Calloway County, where
he was arrested and committed to the peni-
tentiary, upon the revocation of the pro-
bation granted to him by the Calloway Cir-
cuit Court. It is appellant's contention that

Kentucky lost jurisdiction of him when it voluntarily surrendered him to the Tennessee authorities without complying with KRS 440.330. He places reliance upon our decisions in Jones v. Rayborn, Ky., 346 S.W.2d 743; Davis v. Harris, Ky., 355 S.W.2d 147; and Thomas v. Schumaker, Ky., 360 S.W.2d 215.

The trial judge denied the petition for habeas corpus and expressed two bases for the ruling: (1) that Herndon had not exhausted his remedies under RCr 11.42, nor had he shown that such remedies were inadequate, and (2) that the trial judge had conferred with the presiding judge of the Calloway Circuit Court and learned that the records of the Calloway Circuit Court "* * * do not show that defendant was released to the authorities of Tennessee but was placed on probation by the Calloway Circuit Court * * *."

■ We have said that habeas corpus will not lie in those instances in which an adequate remedy is afforded by RCr 11.42. Ayers v. Davis, Ky., 377 S.W.2d 154. However, the present proceeding is not within the purview of that rule. In this instance the appellant is not claiming a right to be released "on the ground that the sentence is subject to collateral attack;" he makes no assault upon the validity of the original conviction—his complaint is that Kentucky effectively forfeited its jurisdiction of him by failure to comply with KRS 440.330 in releasing him to Tennessee.

■ Upon the record before us we are unable to determine whether appellant's contention has merit. It may be that the procedures followed in the Calloway Circuit Court bring the case within the rule followed in Baker v. Commonwealth, Ky., 378 S.W.2d 616. See also Turner v. Thomas, Ky., 383 S.W.2d 379. We think that the *ex parte* inquiry as to the contents of the Calloway Circuit Court records falls short of affording appellant a reasonable opportunity to present his case. See Bingham

v. Stivers, Ky., 396 S.W.2d 800; Lawson v. Commonwealth, Ky., 386 S.W.2d 734.

The situation at bar is distinguishable from that presented in Lyons v. Thomas, Ky., 378 S.W.2d 798.

The judgment is reversed with directions to afford appellant a hearing and a reasonable opportunity with the assistance of counsel to produce evidence in support of the allegations charging a departure from the procedures prescribed in KRS 440.330.