**Olin BALSLEY, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 26, 1967.

Rehearing Denied June 28, 1968.

Allan Weiss, Louisville, for appellant.

Robert Matthews, Atty. Gen., George F. Rabe, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

Appellant, Olin Balsley, is a prisoner in the federal pentitentiary at Atlanta, Georgia. He appeals from an order of the Jefferson Circuit Court overruling his petition for relief from the further enforcement of a life sentence theretofore imposed upon him by that court pursuant to a conviction for armed robbery.

The record discloses that Balsley was placed on parole from his life sentence on April 12, 1964. On August 8, 1964, a probation and parole officer issued an authorization for his arrest and detention, cf. KRS 439.430(1), pursuant to which he was arrested and lodged in the Jefferson County jail on the next day. At some time during the next several days witnesses brought from South Bend, Indiana, identified him as one of the persons who had committed a bank robbery there. On August 17, 1964, he was arraigned in federal court on a charge of armed robbery, placed under $5,000 bond, and returned to the Jefferson County jail. On August 25, 1964, by authority of the Director of the Division of Probation and Parole, Department of Corrections, the probation and parole officer who had issued the arrest authorization of August 8, 1964, wrote the sheriff (and jailer) of Jefferson County as follows:

"This will confirm our telephone conversation and is your authority to release Olin Balsley who is charged with a Federal Warrant for armed robbery. He is to be returned to South Bend, Indiana to stand trial for this offense. Will you please send our detainer which was issued on August 8, 1964, along with him."

Accordingly, the jailer of Jefferson County delivered Balsley over to a federal marshal and he was taken to South Bend, Indiana, and there tried, convicted, and sentenced to 10 years in prison on the federal charge. He has not been returned to Kentucky. On the basis of the federal charge then pending, the Division of Probation and Parole on August 31, 1964, requested and obtained from the parole board a warrant for Balsley's arrest and return to the penitentiary at Eddyville or the reformatory at La Grange. Cf. KRS 439.430(1).

Balsley's application to the Jefferson Circuit Court, styled "Petition for Writ of Error Coram Nobis," and a response and motion to dismiss by the Attorney General were filed on July 27, 1966, and an order dismissing the petition was entered on the same day.

The specific relief demanded in the petition is that the sentence pursuant to which the warrant for Balsley's return to prison in this state has been issued be declared no longer enforceable, upon the ground that his transfer of custody to the federal authorities effected a forfeiture of this state's right to enforce completion of the sentence under which it was holding him at the time of the transfer.

The case is not distinguishable in principle from Davis v. Harris, Ky., 355 S.W.2d 147 (1962), and Thomas v. Schumaker, Ky., 360 S.W.2d 215 (1962). In each of those cases a prisoner held in custody pursuant to a felony conviction in this state was released, without statutory authority, to federal officers for prosecution under a federal charge. In *Davis*, the transfer of custody was accomplished before the prisoner had commenced to serve his sentence in this state. In *Thomas*, the prisoner was placed on parole and delivered over to the federal authorities in obeisance to a detainer. In both instances we held that the transfer of custody without statutory authority consti-

tuted arbitrary treatment barring further enforcement of the sentence under which the prisoner was being held by this state at the time of the transfer.

In Prather v. Commonwealth, Ky., 368 S.W.2d 175 (1963), relief was denied because at the time custody was taken by the federal authorities the prisoner had not been tried or convicted on the state charge for which he had been arrested. The same factual situation existed in Baker v. Commonwealth, Ky., 378 S.W.2d 616 (1964), in which a paroled convict was arrested on a new and different charge but was not in custody pursuant to his original conviction. It was there pointed out, however, that "if he had been in custody of the parole authorities under the parole violation warrant *this would have been by virtue of his sentence * * *"* (Emphasis added.) Obviously, the right of state parole authorities to terminate the liberty of a parolee exists by virtue of the uncompleted sentence from which he has been placed on parole. Thus it is that when he is held pursuant to a warrant issued under KRS 439.430(1) he is in custody "by virtue of his sentence."

It was suggested in Davis v. Harris, Ky., 355 S.W.2d 147 (1962), that KRS 440.330 provides the only procedure under which a prisoner convicted in this state may be released conditionally for trial in another jurisdiction and that, given a liberal construction, the statute is broad enough to encompass a transfer on request of the Attorney General of the United States or his duly authorized representative. In his brief in this case the Attorney General of Kentucky questions that construction, but if the statute does not apply then there is, of course, no authority whatever under which a prisoner of this state could be released conditionally for trial on a federal offense.

On the facts shown by the exhibits filed with the Attorney General's response the state may not enforce completion of Balsley's sentence, and the parole violation warrant is void.

The remedies formerly available by way of coram nobis and audita querela are preserved in CR 60.02(5). Clay's Kentucky Practice, CR 60.02, Comment. 8. In Robertson v. Commonwealth, 279 Ky. 762, 132 S.W.2d 69, 71 (1939), it was said "We see but little distinction between the writ of coram nobis and that of audita querela." The technical distinction is that coram nobis attacks the judgment itself, whereas audita querela may be directed against the enforcement, or further enforcement, of a judgment which when rendered was just and unimpeachable. Cf. 7 Am.Jur.2d 281 (Audita Querela, § 1). "An *audita querela* is where a defendant, against whom judgment is recovered, and who is therefore in danger of execution, or perhaps actually in execution, may be relieved upon good matter of discharge, which has happened since the judgment: as if the plaintiff hath given him a general release; or if the defendant hath paid the debt to the plaintiff without procuring satisfaction to be entered on the record. In these and the like cases * * * an *audita querela* lies, in the nature of a bill in equity, to be relieved against the oppression of the plaintiff. It is * * * a writ of a most remedial nature, and seems to have been invented lest in any case there should be an oppressive defect of justice, where a party who hath a good defence is too late to make it in the ordinary forms of law." 3 Blackstone's Commentaries 405–406.

Respondent contends that relief should be denied on the ground that Balsley will have an adequate remedy by habeas corpus if and when he is released from the federal prison and is taken into custody pursuant to the conviction and uncompleted sentence in this state. We think there are at least two reasons to the contrary. First, if he is released from the federal prison into the hands of officers of this state, which is the purpose of the detainer lodged against him, a subsequent release via habeas corpus will provide no remedy for his loss of liberty in the interim. Secondly, the existence of the detainer and ostensibly unsatisfied sen-

tence in this state may very well affect the consideration of his eligibility for parole from the federal sentence. The threat of rearrest is real and apparent. Equity does not require an intended victim to await the fall of the axe; otherwise there would be no such thing as an injunction.

It is our opinion that Balsley is entitled to relief and that he has sought it in a timely and proper way. He has proceeded as a pauper and has been ably represented on this appeal by appointed counsel, in the best tradition of the honorable profession of law.

The judgment is reversed with directions that the warrant and detainer be declared void.

WILLIAMS, C. J., and MILLIKEN and STEINFELD, JJ., concur.

HILL, J., dissents.