852

Benny SHAFFNER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 25, 1968.

Rehearing Denied Dec. 13, 1968.

Benny Shaffner, pro se.

John B. Breckinridge, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

Appellant, who is confined in the federal penitentiary at Atlanta, Georgia, filed this action in the Jefferson Circuit Court under CR 60.02 for an order preventing the enforcement of a parole violation warrant which was issued on the authority of the Kentucky Division of Probation and Parole. By such procedure appellant seeks to nullify a detainer that had also been issued by the Kentucky authorities and lodged with federal prison authorities which allegedly prevents him from becoming eligible for federal parole. Appellant contends that Kentucky had forfeited its right to enforce completion of the state's sentence by releasing him to the federal authorities. He relies on Balsley v. Commonwealth, Ky., 428 S.W.2d 614.

The circuit court denied appellant relief and he appeals to this court.

The record discloses that on January 25, 1965, appellant was paroled by the Kentucky parole board from a life sentence he was serving pursuant to his conviction in this state for armed robbery. On August 10, 1965, he was arrested by city of Louisville police for the robbery of a federal bank and delivered to federal authorities for trial. Later that day a detainer was issued by the Kentucky parole authorities. On October 20, 1965, appellant was convicted in federal court and sent to federal prison at Atlanta, Georgia, to serve his sentence. Subsequently, on the basis of the federal conviction, Kentucky parole authorities issued a parole violation warrant.

The answer to appellant's contention is that Kentucky did not surrender appellant to the federal authorities. The record shows that appellant was in custody on a federal charge (robbery of a F.D.I.C. bank) when the detainer was lodged against him for violating his state parole. Hence, there is no basis for the claim that Kentucky had surrendered its right to reconfine him. Messamore v. Wingo, Ky., 408 S.W.2d 448; Baker v. Commonwealth, Ky., 378 S.W.2d 616. The case relied on by appellant furnishes him no support for in Balsley v. Commonwealth, supra, Balsley was in state custody, after his arrest by the Kentucky parole authorities, and then released to the federal authorities.

We conclude that the circuit court correctly decided the issue in this case.

The judgment is affirmed.

All concur except OSBORNE, J., not sitting.