**Norbert ZITT, Appellant,**

**v.**

**John W. WINGO, Warden, Kentucky State Penitentiary, Eddyville, Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 21, 1971.

Norbert Zitt, pro se.

Morris E. Burton, Frankfort, for appellant.

John B. Breckinridge, Atty. Gen., Joseph L. Famularo, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Judge.

Norbert Zitt appeals from an order of the Lyon Circuit Court dismissing his petition in which he sought a writ of habeas corpus. We affirm.

Zitt was sentenced in Kentucky in 1945 to 21 years in the penitentiary for the crime of assault with intent to rob. We glean from what we have been able to extract from the record that Zitt was paroled in October 1956 and subject to the "Interstate Compact Act" allowed to go into Ohio for the purpose of obtaining employment. Sometime between the date of Zitt's parole and January 28, 1957, the date a warrant was issued for parole violation, Zitt was arrested [1] in Covington, Kentucky, for an armed robbery he committed in Virginia. Approximately ten weeks after that arrest Zitt, over his protest, was extradited to Virginia where he was convicted of armed robbery and sentenced to serve eighteen years.

On May 28, 1965, a Virginia attorney representing Zitt inquired of the Kentucky Parole Board as to whether Zitt was wanted by Kentucky or whether charges against him had been dropped. The Kentucky Parole Board answered that a detainer had been placed against Zitt and that charges against him had not been dismissed.

Zitt was paroled by Virginia authorities on April 27, 1967, and it appears that he was sent to Florida under some type of supervisory arrangement between Virginia and that state. The next occurrence revealed by the record is that on September 4, 1967, Zitt was again arrested in Covington, this time for armed robbery in Kentucky. Virginia authorities, upon hearing of this arrest, wrote to the Kentucky authorities and asked to be kept informed as to the disposition of all charges pending against Zitt as Virginia wanted him returned upon final disposition of those charges. The Kentucky authorities answered on September 21, 1967, stating that Virginia would be kept informed as to the disposition of the Zitt case. This is all that appears in the record concerning the armed robbery charge placed against Zitt for which he was arrested on September 4, 1967.

Zitt, who is confined on the 1945 conviction, claims that he is being illegally held. He says his surrender to Virginia in the 1957 extradition proceedings and the delay of Kentucky authorities on the parole violation constituted a forfeiture of this state's right to enforce completion of the 1945 sentence. He relies on Balsley v. Commonwealth, Ky., 428 S.W.2d 614 (1967), in which the prisoner was being held by Kentucky as a parole violator and was released to federal officers without statutory authorization. We quote from that opinion as follows:

"The case is not distinguishable in principle from Davis v. Harris, Ky., 355 S.W.2d 147 (1962), and Thomas v. Schumaker, Ky., 360 S.W.2d 215 (1962). In each of those cases a prisoner held in custody pursuant to a felony conviction in this state was released, without statutory authority, to federal officers for prosecution under a federal charge. In *Davis,* the transfer of custody was accomplished before the prisoner had commenced to serve his sentence in this state. In *Thomas,* the prisoner was placed on parole and delivered over to the federal authorities in obeisance to a detainer. In both instances we held that the transfer of custody without statutory authority constituted arbitrary treatment barring further enforcement of the sentence under which the prisoner was being held by this state at the time of the transfer."

The surrender of Zitt to Virginia was according to statutory processes for extradition provided for in KRS, Chapter 440, and not as the result of an arbitrary or whimsical decision of the probation authorities.

---

1. The record does not show the exact date of Zitt's arrest in Covington.

In support of Zitt's claim that the delay in revoking his parole entitled him to be released, he cites United States ex rel. Howard v. Ragen, 59 F.Supp. 374 (D.C., N.D., Illinois, E.D., 1945). That case held the acts of the Illinois authorities, including their dilatory tactics, to have been whimsical, unreasonable, and capricious. With appellant Zitt the actions of the Kentucky authorities may not be so classified. As we have pointed out, they followed a statutory scheme which authorized the surrender of Zitt to Virginia and that properly delayed the local authorities in again dealing with him.

Zitt argues further that the Kentucky authorities, upon Zitt's parole from Virginia, again had the opportunity to obtain custody of him. We find nothing in the record to indicate that they knew of the date of Zitt's parole from Virginia or that they knew of or acquiesced in the arrangement by which Virginia transferred him to Florida. They had requested Virginia to detain him upon completion of punishment there, and nothing is presented which shows that they had learned of his having absconded from supervision. Promptly upon his arrest in Covington in September of 1967 the Commonwealth proceeded against him. The trial court did not err in denying Zitt's release.

The judgment is affirmed.

All concur.