**Willie Mitchell SIMPSON, Appellant,**

v.

**Harold E. BLACK, Warden of Kentucky State Reformatory, Appellee.**

Court of Appeals of Kentucky.

Oct. 8, 1971.

Willie Mitchell Simpson, pro se.

John B. Breckinridge, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

In 1969, while on probation from a sentence of one to ten years imposed by the state of Indiana, the appellant was arrested in Harlan County, Kentucky, for seven offenses alleged to have been committed in that county. The offenses were: Robbery, breaking and entering a dwelling house, operating a motor vehicle without due care, operating a motor vehicle while under the influence of intoxicating beverages, leaving the scene of an accident, escaping custody and operating a motor vehicle without an operator's license.

While these charges were pending in Kentucky, appellant was returned to Indiana for proceedings in that state for revocation of his probation. His probation was not revoked however, and the Indiana authorities discharged him from the sentence in that state.

Upon his return to Kentucky, he was tried for the offense of breaking and entering a dwelling house, an offense which was pending against him when he was released to the state of Indiana. He was convicted and sentenced to confinement in the penitentiary for a period of two years. He then filed a petition for habeas corpus which was denied by the Oldham Circuit Court.

Appellant contends that the Commonwealth of Kentucky lost jurisdiction to try him for any of the charges which were pending against him at the time he was released from custody in Kentucky to the authorities in the state of Indiana.

Davis v. Harris, Ky., 355 S.W.2d 147 (1962) and Jones v. Rayborn, Ky., 346 S.W.2d 743 (1961), relied upon by appellant, are not authority to support his contention. In each of those cases a convicted felon, serving his sentence, was released from custody by local authorities to the jurisdiction of another state.

The present case presents a factual situation similar to that in Prather v. Commonwealth, Ky., 368 S.W.2d 175 (1963). We held therein that the release to other authorities of one charged with a crime before trial of the charge did not waive the right of the commonwealth to indict upon and prosecute the charge at a later time. We regard *Prather* as controlling in this situation.

The judgment is affirmed.

All concur.