**Walter E. NOLAN, Appellant,**

v.

**Henry E. COWAN, Superintendent, Ky. State Penitentiary, Appellee.**

Court of Appeals of Kentucky.

Nov. 9, 1973.

A. M. Wilhoit, Public Defender, David E. Murrell, Deputy Public Defender, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., Mary Ann Delaney, Asst. Atty. Gen., Frankfort, for appellee.

PALMORE, Chief Justice.

This is a habeas corpus proceeding (KRS ch. 419) in which the appellant, who is in the appellee's custody pursuant to an exchange of inmates with the State of Missouri under the provisions of the Interstate Corrections Compact, KRS 196.610, as implemented by KRS 196.620, contends that because the Missouri act, RSMo 1971 § 222.250 et seq., V.A.M.S., did not take effect until after the offense for which he was convicted in Missouri had been committed and after he had been "charged" with it, the statute cannot apply to him without transgressing constitutional guaranties against *ex post facto* laws.[1] He contends that his involuntary transfer to this state by the Missouri authorities forfeited that state's right to retain control of him and, perforce, had the net effect of setting him free. Cf. Balsley v. Commonwealth, Ky., 428 S.W.2d 614 (1968), and cases therein discussed.

If it were conceded that the transfer of custody violated appellant's rights and was therefore unauthorized, we think the proper judgment would have

---

1. Cf. Art. I, Sec. IX, Constitution of the United States; Art. I, Sec. 13, V.A.M.S. Constitution of Missouri.

been to direct the warden to retransfer him to the Missouri prison authority, because it is not the policy of this court to declare the effect of such a violation under the laws of another state. Cf. Crady v. Cranfill, Ky., 371 S.W.2d 640, 644 (1963). Be that as it may, we are of the opinion that the transfer of a prisoner pursuant to the Interstate Corrections Compact does not increase or make his punishment more onerous, any more than would a transfer to a new institution that did not exist when he was convicted, and does not violate any constitutional protection he may have had as of the time the offense was committed and before the effective date of the act. In so saying, we cannot, of course, bind the State of Missouri, which is not a party to this proceeding, to the same opinion. The courts of that state are open to the appellant under the principle of Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

The judgment is affirmed.

PALMORE, C. J., and JONES, MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.