**Lee REID, Jr., et al., Appellants,**

v.

**Henry E. COWAN, Superintendent, Kentucky State Penitentiary, Appellee.**

Court of Appeals of Kentucky.

Nov. 23, 1973.

Anthony M. Wilhoit, Public Defender, David E. Murrell, Deputy Public Defender, Frankfort, for appellants.

Ed W. Hancock, Atty. Gen., Thomas R. Emerson, Asst. Atty. Gen., Frankfort, for appellee.

On October 2, 1970, in the Clay Circuit Court the appellants, Lee Reid, Jr., John Reid, and Freddy Gilbert, were found guilty by a jury and convicted of forcible rape, KRS 435.090, upon a female over 12 years of age named Jean Hall. Lee Reid, Jr., was sentenced to 20 years and the other two appellants to 10 years in the penitentiary. The crimes were alleged to have been committed on or about June 28, 1970.

Several abortive attempts to secure post-conviction relief, which need not be detailed here, culminated in an RCr 11.42 hearing on September 16, 1971, and an order dated August 24, 1972 (evidently *entered*, however, on October 24, 1972), granting Lee Reid, Jr., 30 days in which to file a belated appeal pursuant to a finding to the effect that it was not clear from the record whether he had been advised of his right of appeal, cf. RCr 11.02(2), either by the trial court or by the retained counsel who had represented him during the trial.

Lee Reid, Jr., was represented in the RCr 11.42 hearing by court-appointed counsel. Though RCr 11.42(5) requires that counsel so appointed continue to represent the movant for purposes of appeal, for some undisclosed reason no notice of appeal was filed within the 30-day period allowed by the order for that purpose. Evidently, however, Reid was expecting counsel to prosecute an appeal, because on November 16, 1972, he wrote a letter asking counsel to withdraw and have new counsel appointed in view of a conversation in which counsel purportedly had told Reid's parents he was "not going to prosecute an appeal due to ill health."

On January 2, 1973, counsel for Lee Reid, Jr., moved the Clay Circuit Court for permission to withdraw, and on the same day an order was entered accordingly. It did not, however, designate a new counsel.

Meanwhile, on September 18, 1972, Lee Reid, Jr., had filed in this court, *pro se,* a petition for mandamus against the judge of

the Clay Circuit Court stating that the court-appointed attorney had failed to perfect the appeal and demanding, in substance, that the judge see to it that it was done. A response filed by the judge stated merely that the belated appeal had been granted by an order entered on *October 24, 1972* (the date of the response), a copy of which order was attached to the response. It is the same order hereinbefore mentioned as having been *dated* August 24, 1972, so it would seem that although the hearing had been held on September 16, 1971, the order granting a belated appeal was not signed until August 24, 1972, and then not entered officially until October 24, 1972. On January 23, 1973, this court entered an order denying relief "for the reasons stated in the response," upon the basis, of course, that when the response was filed the trial judge had done all he was required to do.

The proceeding now before this court is an appeal from an adverse judgment in a habeas corpus action filed by the three appellants on August 20, 1973, in the Lyon Circuit Court. In addition to alleging ineffective counsel on Lee Reid, Jr.'s effort to secure and perfect a belated appeal, their petition discloses that on November 21, 1972, they filed in the Clay Circuit Court a motion for new trial based on newly discovered evidence in the form of an affidavit by Jean Hall, the original prosecuting witness, to the effect that in her testimony she had lied about her age at the time of the alleged offense, having been 17 rather than 15 years of age, and that she had not been raped but had freely and willingly consented to the acts of intercourse "while under the influence of intoxicating liquors." Filed in support of the petition for habeas corpus were a birth certificate showing that a person named Ima Jean Hall was born in Shelby County, Kentucky, on April 17, 1953 (17 years before the alleged rape) and the affidavits of 11 of the jurors who tried the case to the effect that if they had read Jean Hall's affidavit they would not have convicted the appellants. Evidently the Clay Circuit Court has never passed on this motion for new trial.

No one realizes any better than do the members of this court how burdensome and vexatious post-conviction proceedings are. Most of them are utterly devoid of merit, as indeed this one may prove to be. But this case illustrates how the burden proliferates when the duly-constituted officers of the Commonwealth at the trial level do not treat a post-conviction proceeding with enough care to see that it is promptly, thoroughly and properly handled in the first instance. It simply will not die on the vine or go away if ignored or summarily sloughed off.

These men have been bandied about in such a fashion that this court would be thoroughly justified in setting them free pursuant to their habeas corpus petition. Section 2 of our Constitution forbids the existence of arbitrary power, and sometimes in a criminal case the only way that protection can be enforced is by declaring that the rights of the state have been forfeited through the arbitrary actions of its officers. Cf. Balsley v. Commonwealth, Ky., 428 S.W.2d 614 (1968). Sometimes, as Holmes remarked, because the constable blundered the criminal must go free, that being the most effective method of helping the constable not to blunder the next time.

We have concluded, however, that since the appellants are now represented by the public defender they can obtain a prompt resolution of their claims in the Clay Circuit Court. Their troubles appear to have emanated not so much from any default or cavalier attitude on the part of the trial judge as from the lack of counsel and neglect on the part of counsel when they had one. The public defender may proceed in the trial court to obtain a determination of their motion for a new trial and a review of that disposition if it be unfavorable to them, and to secure another order on the question of a belated appeal.

We do not reach the question of whether the newly discovered evidence was timely

presented or is sufficient to require a new trial. Nor do we find it necessary to consider under what circumstances habeas corpus would be a proper remedy by reason of the inadequacy of RCr 11.42.

The judgment is affirmed.

PALMORE, C. J., and JONES, MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.