**Glen Allen RILEY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

June 11, 1976.

Glen Allen Riley, pro se.

Robert F. Stephens, Atty. Gen., Frankfort, for appellee.

STERNBERG, Justice.

This is an appeal from an order of the Lyon Circuit Court denying a petition for a writ of habeas corpus.

Appellant had been regularly indicted by the Grand Jury of Graves County, Kentucky, for the offense of breaking and entering, and at the December 1974 term of the Graves Circuit Court he was convicted and sentenced to five years' imprisonment.

On February 14, 1976, appellant filed his petition for writ of habeas corpus in the Lyon Circuit Court, and on February 23, 1976, the trial judge granted the Commonwealth's motion to dismiss. Thereupon, an order denying the petition and dismissing the action was entered. This appeal is from that order.

For the purpose of testing the propriety of the questioned order, we accept as undenied appellant's contention that he was kidnaped from the State of Michigan by Graves County authorities without any sort of extradition papers and returned to the Commonwealth of Kentucky to stand trial in the Graves Circuit Court.

The question presented is whether a writ of habeas corpus will lie to challenge the conviction and imprisonment of one who was brought by unlawful means into a

jurisdiction where he was convicted. This is a case of first impression in Kentucky. It has, however, been decided in many state courts and by the Supreme Court of the United States, with apparent universal acceptance of the proposition, that where a person accused of a crime is found within the territorial jurisdiction wherein he is so charged and is held under process legally issued from a court of that jurisdiction, neither the jurisdiction of the court nor the right to put him on trial for the offense charged is impaired by the manner in which he was brought from another jurisdiction, whether by kidnaping, illegal arrest, abduction, or irregular extradition proceedings. 165 A.L.R. 948, Note IIa. See 165 A.L.R. 958, Note IIIa.

■ Appellant's contention that his due process rights under the Constitution of the United States were violated is without merit. "The trial of a person brought into a state by forcible abduction is not a violation of the provisions of the Federal Constitution prohibiting the deprivation of life, liberty, or property without due process of law. *Ker v. Illinois* (1886), 119 U.S. 436, 30 L.Ed. 421, 7 S.Ct. 225, * * *." 165 A.L.R. 953.

The landmark case of *Frisbie v. Collins,* 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952), has been regularly followed by the United States courts and courts of last resort of other states.

In *Lyons v. Thomas,* Ky., 378 S.W.2d 798 (1964), a convict who had escaped from the LaGrange Reformatory was denied the right to challenge, by a writ of habeas corpus, the method by which he was returned to the Commonwealth of Kentucky. In doing so, the court said:

> "As an escaped convict, petitioner was a fugitive from justice. *Gray v. Connors,* 285 Ky. 229, 147 S.W.2d 384. His status is less favorable than that of the petitioner in *Frisbie v. Collins,* 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541, who had been returned by force to Michigan from Illinois for trial. In denying habeas corpus in an attack on his conviction, the Court held:

> 'There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will.' "

*Lyons,* supra, differs from the instant case only in that Lyons was an escaped convict. In the case at bar appellant was under indictment but had not been convicted at the time he was brought back to the state to stand trial. This is a difference without a distinction.

■ We hold that a writ of habeas corpus will not lie to challenge the conviction or imprisonment of one who was brought by unlawful means into the jurisdiction where he was convicted. The lower court so found, and we agree.

The judgment is affirmed.

All concur.