831 F.2d 298
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William M. WATTS, Petitioner-Appellant,
v.
Dewey SOWDERS, Respondent-Appellee.
 No. 87-5576.
 United States Court of Appeals, Sixth Circuit.
 Oct. 20, 1987.
 
 Before BOYCE F. MARTIN, Jr., and DAVID A. NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the court upon consideration of the petitioner's pro se appeal from an order of the district court that dismissed a habeas corpus application filed pursuant to 28 U.S.C. Sec. 2241. Petitioner also moves for the appointment of counsel. Upon review of the record and the briefs submitted by the parties, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Petitioner, who is currently an inmate at the Northpoint Correctional Center, sought a writ of habeas corpus from the United States District Court for the Eastern District of Kentucky. Petitioner contended that his incarceration was invalid because the State of Kentucky, by failing to execute a parole revocation warrant issued in 1969, had waived its right to return petitioner to custody under a subsequent parole revocation warrant issued for a subsequent violation of the conditions of his parole. The district court rejected that argument and dismissed the petition for habeas relief. This appeal followed.
 
 
 3
 Assuming arguendo that it would be a violation of the federal Constitution for petitioner to be imprisoned by the state in violation of Kentucky law, we turn to the question of whether the law of Kentucky obligates its officials to exercise reasonable diligence in achieving the execution of a parole violator warrant once the officials have actual or constructive knowledge of the parolee's whereabouts. See, e.g., Greene v. Michigan Department of Corrections, 315 F.2d 546 (6th Cir.1963), and Greene v. Michigan Department of Corrections, 339 F.2d 139 (6th Cir.1964). Kentucky law imposes no such obligation unless the parole violation was based on a conviction in Kentucky for which the parole violator was imprisoned by Kentucky. Shaffner v. Commonwealth, 433 S.W.2d 852 (Ky.1968); Minch v. Warden, 426 S.W.2d 470 (Ky.1968); Messamore v. Wingo, 408 S.W.2d 448 (Ky.1966). The first of the two warrants in question here, like the second, was issued because petitioner was convicted by the courts of a state other than Kentucky; accordingly, no duty of diligence would have been violated under Kentucky law even if petitioner had been returned to custody under the original parole revocation warrant. In fact, however, petitioner was returned to custody pursuant to the second warrant promptly after its issuance. We reject any contention that the Due Process Clause of the Fourteenth Amendment means that a parolee may continue to violate the conditions of his parole with impunity if a state has failed to act diligently on a previous violation.
 
 
 4
 Accordingly, it is ORDERED that the motion for appointment of counsel be denied and the final order of the district court entered May 7, 1987, be affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.