RENDERED: FEBRUARY 9, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1022-MR

CHARLES R. STANFILL JR.            APPELLANT

                  APPEAL FROM CALLOWAY CIRCUIT COURT
v.               HONORABLE JAMES T. JAMESON, JUDGE
                  ACTION NO. 10-CR-00212

COMMONWEALTH OF KENTUCKY            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, COMBS, AND ECKERLE, JUDGES.

COMBS, JUDGE: Appellant, Charles R. Stanfill, Jr. (Stanfill), is serving a twenty-year sentence for manufacturing methamphetamine, second offense. He appeals from an Order of the Calloway Circuit Court denying his motion for relief pursuant to CR[1] 60.02 and 60.03. After our review, we affirm.

---

[1] Kentucky Rules of Civil Procedure.

On March 7, 2022, Stanfill, *pro se*, filed a motion in Calloway Circuit Court requesting that the court set aside, vacate, or amend the remainder of his sentence pursuant to "CR 60.02 and/or CR 60.03, due to Violations of his 1st, 8th, and 14th United States Constitutional Amendments and Applicable Ky. Const. Amendments." Stanfill explained that he had exhausted all institutional remedies and that he now sought recourse to the circuit having jurisdiction of the matter. In his motion, he invoked the ancient equitable remedy of *audita querela*, which is defined by *Black's Law Dictionary* (8th ed. 2004) as follows:

> A writ available to a judgment debtor who seeks a rehearing of a matter on grounds of newly discovered evidence or newly existing legal defenses . . . .

> "The writ of audita querela (=quarrel having been heard) . . . , introduced during the time of Edward III, was available to re-open a judgment in certain circumstances. It was issued as a remedy to defendant where an important matter concerning his case had arisen since the judgment. Its issue was based on equitable, rather than common law principles." *L.B. Cuzron, English Legal History* (2nd ed. 1979).

> "Audita querela is distinguished from coram nobis in that coram nobis attacks the judgment itself, whereas audita querela may be directed against the enforcement, or further enforcement of a judgment which when rendered was just and unimpeachable." 7A C.J.S. Audita Querela § 2, at 901 (1980).

His motion contained references to the two equitable remedies of

*coram nobis* and *audita querela* impliedly underlying the history of our current CR

60.02 and 60.03:

>    Movant is not attacking the issuance of this sentences nor any proceeding or the Trial itself, in the style of **CORAM NOBIS**.

>    Movant is however attacking the Remainder of his Sentence in the style of the Ancient Writ of **AUDITA QUERELLA** in so much as further execution of this sentence is no longer Equitable.

>    In **Balsey v. Commonwealth, 428 S.W.2d 614, 616 (KY. 1967)** the Court Ruled that "The Remadies formerly available by way of **CORAM NOBIS** and **AUDITA QUERRELA** are preserved in **CR 60.02(5) [5 is now subsection (e)]** . . . The technical distinction is that **CORAM NOBIS** attacks the Judgement itself; Whereas **AUDITA QUERELLA** may be Directed against the Enforcement . . . ."

>    Further Enforcement of Judgement in this instance definitely rises to the level of an **"Oppressive Defect of Justice",** Where the Jury and the Court imposed the Bare Minimal Sentence allowed under the statute, and not a Death sentence, or possible Life Sentence of pain and ill health from COVID Long Haul symptoms. With the Pollitical Climate where the Public seems to be tired of statutes that Oversentence crimes that have no victim, Suspending further Execution of this Sentences so Mr. Stanfill could go enrole in a COVID Long Haul study at the V.A. or U.K. seems to fall in the category of RIGHT. The most basic function of our Courts is to Determine Right or Wrong.

(Emphases, punctuation, and spelling original.) Stanfill also filed a motion for an evidentiary hearing.

By Order entered on June 6, 2022, the court denied Stanfill's motion, which the court addressed on the merits, noting nonetheless that his arguments and the underlying factual circumstances "remain relatively similar to his initial Motion for Relief."[2]

The court summarized Stanfill's argument; *i.e.*, that his previously imposed sentence is no longer equitable due to the conditions in the facility where he is housed and that due to his incarceration, he is at increased risk of serious illness and death as well as complications due to underlying medical conditions. The court further acknowledged that Stanfill sought relief "in the style" of *audita querela* and accordingly accepted his motion pursuant to CR 60.02(e).[3]

The court found that Stanfill's motion pursuant to CR 60.02(e) fell far below the standard set forth in *Barnett v. Commonwealth*, 979 S.W.2d 98, 101 (Ky. 1998), that "to be eligible for CR 60.02 relief, the movant must demonstrate why he is entitled to this special, extraordinary relief." Additionally, the court found

---

[2] This Court affirmed the denial of Stanfill's June 4, 2020, motion in *Stanfill v. Commonwealth*, No. 2020-CA-0904-MR, 2022 WL 67407, at *1 (Ky. App. Jan. 7, 2022).

[3] In relevant part, CR 60.02(e) provides that: "[o]n motion a court may, upon such terms as are just, relieve a party . . . from its final judgment, order, or proceeding upon the following grounds: . . . it is no longer equitable that the judgment should have prospective application[.]"

that Stanfill was not entitled to relief under CR 60.02(f),[4] citing *Gribbins v.*

*Commonwealth*, No. 2020-CA-0635-MR, 2021 WL 1164461 (Ky. App. Mar. 26,

2021). *Gribbins* held that CR 60.02(f) functions to address significant defects in

trial proceedings; thus, the results of incarceration with the risk of contracting

COVID-19 are not proper considerations or subject matter for CR 60.02(f) relief.

Next, the court determined that because Stanfill's argument failed

under CR 60.02(f), his claim under CR 60.03 would also fail. CR 60.03 provides in

relevant part as follows:

> Rule 60.02 shall not limit the power of any court to
> entertain an independent action to relieve a person from a
> judgment, order or proceeding on appropriate equitable
> grounds. Relief shall not be granted in an independent
> action if the ground of relief sought has been denied in a
> proceeding by motion under Rule 60.02 . . . .

The court was unpersuaded by Stanfill's allegations of various

constitutional violations due to his incarceration during the COVID-19 pandemic.

The court explained that even if Stanfill had presented sufficient evidence to

establish a violation of his constitutional rights, his motion would still fail because

the sentencing court is not the proper forum for relief. *Williams v. Commonwealth*,

No. 2019-CA-0964-MR, 2021 WL 943753 (Ky. App. Mar. 12, 2021).

---

[4] CR 60.02(f) permits a court to relieve a party from its final judgment, order, or proceeding for "any other reason of an extraordinary nature justifying relief."

In his appeal, Stanfill argues: (1) that the trial court erred in stating that it was not the correct forum in which to raise defendant's claim; (2) that the court erred in not holding an evidentiary hearing; and (3) that the court intentionally used *coram nobis* and CR 60.02(f) to muddy the waters of its order pertaining to his motion. We address these arguments together.

> The burden of proof in a CR 60.02 proceeding falls squarely on the movant to affirmatively allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief. . . . We review the denial of a CR 60.02 motion under an abuse of discretion standard. The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles.

*Foley v. Commonwealth*, 425 S.W.3d 880, 885–86 (Ky. 2014)(cleaned up):

We find no abuse of discretion. In *Martin v. Commonwealth*, 639 S.W.3d 433 (Ky. App. 2022), another panel of this Court addressed essentially the same issues as those in the case now before us and held as follows:

> CR 60.02 specifically functions to address significant defects in the trial proceedings. …
>
> Physical ailments of a defendant are not tantamount to trial defects and thus do not warrant CR 60.02 relief.
>
> . . .
>
> So, because [defendant's] argument on the same core grounds fails to satisfy CR 60.02(f), [he] is not entitled to relief under CR 60.03. . . .

[Defendant] has not shown he is entitled to relief pursuant to the Eighth or Fourteenth Amendments. . . . [W]e have rejected similar COVID-19-based claims and do so here again, for the same fundamental reasons. *Gribbins*, 2021 WL 1164461, at \*2-3 (holding that the Kentucky Department of Corrections was not indifferent to the health needs of prisoners); *Williams*, 2021 WL 943753, at \*3 (holding that Eighth Amendment claims involve the conditions of the movant's confinement **and thus are civil claims which are not properly brought in the sentencing court**); *Morris*, 2021 WL 1933656, at \*2 (holding that Eighth and Fourteenth Amendment conditions of confinement claims **must be raised in civil actions by naming the warden of the movant's institution as a named party** and, in any event, success on those claims would not result in the claimant being released from incarceration).

*Id.* at 435-37 (Ky. App. 2022) (cleaned up) (emphases added).

We agree with the Commonwealth that there was no basis to conduct an evidentiary hearing in this case. *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983) ("Before the movant is entitled to an evidentiary hearing, he must affirmatively allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief."). Stanfill failed to allege an adequate basis for meriting CR 60.02 relief.

Therefore, we affirm the June 6, 2022, Order of the Calloway Circuit Court.

ALL CONCUR.

-7-

BRIEFS FOR APPELLANT:

Charles R. Stanfill Jr., *pro se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Matthew R. Krygiel
Assistant Attorney General
Frankfort, Kentucky