## McIntyre v. Commonwealth.

(Decided May 29, 1913.)

### Appeal from Nelson Circuit Court.

1. Criminal Law—Successive Offenses—Penalty.—A statute imposing a severer punishment for second or subsequent offenses re-

lates only to the penalty and is not a punishment for former offenses.

2. Criminal Law—Elements of Crime—Penalty.—The punishment inflicted on a person for a crime or offense constitutes no element or ingredient of such crime or offense.

3. Criminal Law—Former Jeopardy—Plea—Elements of.—For a plea of former jeopardy to avail, it must appear that in each prosecution, the accused, the sovereignty whose law has been violated, and the offenses not only as to the act but also as to the crime, are identical.

4. Criminal Law—Former Jeopardy—Successive Offenses.—In the prosecution for an offense where the accused is also charged with being an habitual criminal, a plea of former jeopardy by the accused alleging that he had theretofore been indicted and tried for another and distinct offense coupled with the same charges of former convictions for felony, was properly held insufficient on demurrer, such plea relating solely to the penalty which constitutes no element of the offense with which he was charged.

5. Crimnal Law—Judgment—Estoppel—Matters Concluded.—In the prosecution of an offense wherein the accused is charged with being an habitual criminal, the latter charge being descriptive merely of the class of offenders to which the accused belongs and incidental and collateral to the main question or merits of the case, the parties are not concluded by a judgment in a former prosecution for another and distinct offense upon the issue involving the identical charges of former convictions for felony.

O. W. STANLEY, E. N. FULTON and FULTON & McGINNIS for appellant.

JAMES GARNETT, Attorney General, D. O. MYATT, Assistant Attorney General for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

Andrew McIntyre was, in 1912, in the Nelson Circuit Court indicted, tried, convicted, and sentenced to serve a life term in the State penitentiary, for the offense of malicious wounding with intent to kill. Coupled with the charge, were allegations in separate counts of prior convictions of three successive felonies, the first in 1905, and the second and third in 1907 and 1910 respectively. Upon the trial, the defendant pleaded not guilty to the first count of the indictment, and to the second, third and fourth, he entered a plea of former jeopardy. In this plea, it is alleged that in 1912 he was acquitted of an accusation of burglary under an indictment, in which the charge was coupled with allegations of the defendant's former conviction of the same three felonies here charged; and that in 1910, he was convicted of the of-

fense of chicken stealing under an indictment, in which the .charge was coupled with allegations of the identical former convictions for felony as here charged in the second and third counts of the indictment. The jury in that case rendered the following verdict: "We, the jury find the defendant guilty of chicken stealing, and fix his punishment at confinement in the penitentiary for two years."

The trial court sustained a demurrer to this plea of fromer jeopardy. Motion and grounds for a new trial having been overruled, the defendant appeals. Several errors are alleged in the motion for new trial, but only one of them is seriously urged as ground for reversal viz: Error of the court in sustaining a demurrer to the plea of former jeopardy.

It is insisted that the issue of former convictions of appellant for felony having been submitted to and determined by a jury in a former proceeding, the action of the court in the case at bar, in submitting the identical issue on the same facts was in violation of his right not to be twice pursued for the same offense. For a plea of former jeopardy to avail, it must appear that, in each prosecution, the accused, the sovereignty whose law has been violated, and the offense not only as to the act but as to the crime, were identical. Here, the accused and the sovereignty were the same; and the charges as to former convictions, together with the proof in their support, were identical. If section 1130, Kentucky Statues, known as the habitual criminal act, merely imposes a severer penalty for subsequent offenses, the plea of former jeopardy is without avail, unless the punishment constitutes an element of the offense.

That section 1130 relates solely to the punishment of offenses is no longer a disputed question in this or other jurisdictions, where similar statutes prevail. In Hyser v. Commonwealth, 116 Ky., 410, this court in commenting on this section said:

"The validity of this statute has been repeatedly upheld by this court upon the ground that it is not in violation of the constitutional provision that no one for the same offense shall be twice put in jeopardy. The increased punishment is not for the former offenses, but the previous convictions merely aggravate the last offense and add to its punishment. The accused is not required to answer to the former charges and defend

against them. Nothing is heard in reference to the former trials save the fact of convictions."

The Washington Supreme Court in State v. LePitre, 54 Wash., 166, 18 American & English Annotated cases, 922, having under consideration a similar statute, said:

"The habitual criminal statute is a thing of modern creation, and while there are many rules of law which may seem inconsistent with its purpose and the procedure adopted to compass it, it is nevertheless sound in principle and sustained by reason. Aside from the offender and his victim there is always another party concerned in every crime committed—the State; and it does no violence to any constitutional guaranty for the State to rid itself of depravity when its efforts to reform have failed. The act is not *ex post facto.* It does not deny the right of trial by jury. It does not put the offender twice in jeopardy. It does not inflict a double punishment for the same offense, or inflict a cruel or unusual punishment, or impose a penalty for crimes committed outside the State. It merely provides an increased punishment for the last offense."

It is, therefore, well settled that the act under consideration simply provides an increased severity of punishment for subsequent offenses. Herndon v. Commonwealth, 105 Ky., 197, and authorities there cited. This section of the statutes relates solely to punishment and is to be read in conection with every other felonious statute. When so read, three degrees of punishment are provided, and the severity of the penalty to be imposed depends upon the class or grade of the offender with reference to his habits of lawlessness.

Now, does the penalty imposed for a violation of law constitute an element or ingredient of the offense? "A crime, or misdemeanor, is an act committed, or omitted, in violation of a public law, either forbidding or commanding it." 4 Blk. Comm., 5. Substantially this form of definition of a public offense has been adopted by all the text writers on criminal law. Punishment is defined in 12 Cyc., 953, as "pain, suffering, loss, confinement, or other penalty inflicted on a person for a crime or offense by the authority to which the offender is subject; a penalty imposed in the enforcement or application of law." It is apparent from these definitions that the unlawfulness of acts or conduct results from the prohibition, and not from the penalty imposed. The object of the penalty is to deter lawlessness and, when it is im-

posed, to reclaim the offender from his criminal tendencies. Upon the plea of not guilty, the punishment for the offense charged is not in issue. Under the issue thus raised, no evidence affecting the penalty is permitted. True, under the habitual criminal act charges, proof and finding of former convictions are required, but this is an issue apart from and incidental to the question of guilt of the offense charged and is for the guidance of the tribunal appointed to impose the penalty, in the event of conviction. The punishment constituting no element or ingredient of the offense, with which appellant is here charged or that for which he had been theretofore tried, it follows that the identity of the offenses, a necessary element in a valid plea of former jeopardy, is lacking, and the trial court correctly ruled in sustaining a demurrer to said plea.

Nor can the contention of counsel for appellant be sustained upon the theory of prior adjudication of a matter in issue incidental to the main question. Section 1130 provides a punishment for a class. The name of the accused in the indictment is descriptive and affords a means of his identity. The added charges of former convictions for felony are but descriptive of a class of offenders. The one allegation is individual identity; the other is class identity. If his class identity is put in issue, evidence of prior convictions is introduced, not upon the idea that he is in fact guilty of the acts constituting the crime for which he was convicted but upon the mere fact that he has been convicted of a felony. This fact, if true, establishes the class identity of the accused, an issue wholly collateral to the main question or merits of the case. The individual identity of the accused is necessarily an issue in the trial of every criminal case. Had this issue been seriously urged on the trial in the prosecution of appellant for chicken stealing, and again urged here, would the Commonwealth have been permitted to say in the case at bar that that matter had been determined adversely to appellant and that he was estopped to assert to the contrary in any subsequent prosecution in this Commonwealth? If his credibility as a witness had been attacked in the former prosecution, would the Commonwealth have been permitted to insist in the case at bar that he had been adjudged unworthy of belief and to introduce the records in that case to prove that fact? Manifestly the ends of justice will not permit the parties to a judicial proceed-

ing to be precluded by judgment on an issue so collateral to the main question as that of class identity. Such matters are not precluded by the judgment.

Appellant is shown by the record to be of that class of offenders, too depraved and too dangerous to be at large. The punishment he has heretofore received seems to have been insufficient to restrain his vicious propensities. The supreme purpose of the law, which is to prevent crime, would in his case utterly fail without the statute whose severity has been pronounced upon him by a fair and impartial tribunal.

Finding no error in the record prejudicial to appellant, the judgment is affirmed.