## HARROD v. LADY et al.

Court of Appeals of Kentucky.

Sept. 3, 1953.

Rehearing Denied Oct. 2, 1953.

Otis Harrod, pro se.

J. D. Buckman, Jr., Atty. Gen., Jo Ferguson, Ass't. Atty. Gen., for appellees.

WADDILL, Commissioner.

This is another attempt by the appellant, Otis Harrod, an inmate of the reformatory at LaGrange, to obtain his release from prison by a writ of habeas corpus. The issuance of the writ was denied by an order of a Judge of the Criminal Branch, Second Division, of the Jefferson Circuit Court. His appeal is now before us.

Appellant was convicted of storehouse breaking in violation of KRS 433.190. Upon allegations and proof of three previous convictions of felonies, his punishment was fixed by a jury at life imprisonment as an habitual criminal. KRS 431.190. Numerous reviews of his present conviction denying him relief are reported in Harrod v. Commonwealth, Ky., 253 S.W.2d 574; Harrod v. Whaley, Ky., 242 S.W.2d 750; Harrod v. Whaley, Ky., 239 S.W.2d 480; Harrod v. Commonwealth, 311 Ky. 810, 226 S.W.2d 4, certiorari denied, 339 U.S. 915, 70 S.Ct. 562, 946 L.Ed. 1341.

Appellant claims that his detention is illegal as being violative of the first section of the Thirteenth Amendment of the Constitution of the United States. The gist of his argument in support thereof is that there appears on the judgment of the court by which he was sentenced to prison the notation, "Storehouse Breaking and Habitual Criminal," which shows that he was sentenced for the commission of two crimes.

The fallacy of this argument is apparent. The indictment and the instructions may be considered in construing the judgment and sentence to determine the offense of which appellant was convicted. The record reveals that appellant was indicted, tried and convicted of the crime of storehouse breaking. The indictment also charged the accused of having been convicted of previous felonies which permitted the Commonwealth to prove these allegations which was successfully done. The court was then authorized to submit to the jury, under proper instructions the question of appellant's guilt on the charge of storehouse breaking and, in the event the jury found appellant guilty, the jury was further authorized under the instructions to fix appellant's punishment under the provisions of KRS 431.190, which the jury did. We find no error in this respect. See, McIntyre v. Commonwealth, 154 Ky. 149, 156 S.W. 1058, wherein an extensive review of the validity of KRS 431.190 and other related questions may be found.

In Harrod v. Commonwealth, 311 Ky. 810, 226 S.W.2d 4, we reviewed appellant's conviction and found no error.

Considering appellant's contentions and argument in their most favorable light,

the most that can be said in his behalf is that the notation on the judgment-sentence is an irregularity, and it is clear that such irregularity may be reformed on appeal or by a nunc pro tunc entry. Therefore, the judgment is not void and may not be collaterally attacked by habeas corpus.

The judgment denying the writ of habeas corpus is affirmed.