Kenneth W. ETHERTON, Appellant,

v.

William L. JONES, Warden, Kentucky State Penitentiary, Appellee.

Court of Appeals of Kentucky.

Oct. 6, 1961.

Kenneth W. Etherton, pro se.

John B. Breckinridge, Atty. Gen., Robt. L. Montague, III, Asst. Atty. Gen., for appellee.

STANLEY, Commissioner.

The petition of the appellant, Kenneth W. Etherton, against the warden of the Eddyville Penitentiary for a writ of habeas corpus and release from custody under it was dismissed by the circuit court on the ground that the petition did not set forth facts sufficient to show the petitioner was entitled to the writ.

The unverified petition states that the petitioner was being confined in the penitentiary under a life sentence of the Daviess Circuit Court upon conviction of storehouse breaking and as an habitual criminal; that he was denied effective assistance of counsel, had been twice put in jeopardy for the same crime, and that he was "denied a fair and impartial trial." No part of the record of the trial which resulted in petitioner's conviction or affidavit in support of the allegations was filed.

On the appeal the prisoner repeats the general allegations with the additional one that he had been denied a sanity hearing. Manifestly, these broad statements cannot be considered as evidencing the right to a writ of habeas corpus. Even if they should be sustained, the grounds would be only errors reviewable on an appeal of the judgment of conviction and would not render the judgment void. Habeas corpus proceedings reach only void judgments. Brown v. Commonwealth, Ky., 243 S.W.2d 885.

The appellant contends that the statute under which he was tried as an habitual criminal, KRS 431.190, is unconstitutional because it permits evidence of crimes other than the one upon which the accused person is being tried and, therefore, violates his constitutional right to a trial free from prejudice. The constitutionality of the statute has been many times upheld upon various challenges. A late case which deals with the habeas corpus proceeding on the same ground is Holt v. Commonwealth, Ky., 310 S.W.2d 40, certiorari denied 357 U.S. 909, 78 S.Ct. 1154, 2 L.Ed.2d 1158.

Judgment is affirmed.