Luther THOMAS, Warden, Kentucky State Penitentiary, Appellant,

v.

Joseph Leon SCHUMAKER, Appellee.

Court of Appeals of Kentucky.

June 15, 1962.

Rehearing Denied Oct. 12, 1962.

John B. Breckinridge, Atty. Gen., Ray Corns, Asst. Atty. Gen., for appellant.

Joseph Leon Schumaker, Eddyville, for appellee.

MILLIKEN, Judge.

In a habeas corpus action filed by the appellee, Joseph Leon Schumaker, the trial court directed the warden of the State Penitentiary at Eddyville to release Schumaker from custody unless this Court rules otherwise on appeal.

The appellee, Schumaker, was convicted in the Jefferson Circuit Court of the offense of armed robbery, sentenced to life in prison, and was committed to the Kentucky State Reformatory on October 26, 1950. He became eligible for parole consideration on October 26, 1958, but received a one year deferment. On August 26, 1959, when he appeared before the Parole Board, he was paroled to the retainer lodged against him by the Federal authorities. The appellee reported to a Kentucky Probation and Parole Officer on September 6, 1960, when he returned to Louisville after serving his Federal sentence. He remained on parole until January 19, 1961, when he was returned to the Kentucky State Reformatory as a parole violator because he was arrested for vagrancy and disorderly conduct, had left the district without permission and failed to make his regular report.

The only issue presented here is whether the paroling of a convict to the authorities of another jurisdiction for trial upon a criminal charge constitutes a permanent waiver of the right to recommit such convict for violations of the terms of his parole.

Upon authority of Davis v. Harris (1962), Ky., 355 S.W.2d 147 and Jones v. Rayborn (1961), Ky., 346 S.W.2d 743, the judgment must be affirmed. As was pointed out in Davis v. Harris, above, our governing statute, KRS 440.330, entrusts to the Governor alone the surrender of persons under state custody to the authorities of other jurisdictions, and "implies no policy toward entrusting such a grave discretion to local law enforcement authorities." Since the enactment of this statute the Parole Board may, with approval of the Governor, surrender any person in custody (actual or constructive as when on parole) to authorities of another jurisdiction without completely relinquishing the jurisdiction of this state.

The judgment is affirmed.