**Keith AYERS, Appellant,**

v.

**David L. DAVIS, Warden, Kentucky State Reformatory, et al., Appellees.**

Court of Appeals of Kentucky.

March 13, 1964.

For dissenting opinion see 377 S.W.2d 878.

Keith Ayers, pro se.

John B. Breckinridge, Atty. Gen., Martin Glazer, Asst. Atty. Gen., Frankfort, for appellees.

CLAY, Commissioner.

Appellant petitioned for a writ of habeas corpus, principally on the ground that his constitutional rights were violated because his court-appointed counsel had an adverse interest in the proceeding and had failed to effectively represent him in presenting his defense.

The trial court dismissed the petition on the ground that it failed to state facts upon which relief could be granted.

 The Commonwealth's motion to dismiss was based on the ground that since appellant had a remedy by motion under RCr 11.42, he was not entitled to a hearing on his habeas corpus petition. RCr 11.42 is intended to provide a more satisfactory form of remedy for this type of case than is practicable under habeas corpus. See Higbee v. Thomas, Ky., 376 S.W.2d 305 (1963), and Tipton and Sprinkle v. Commonwealth, Ky., 376 S.W.2d 290 (1964). It is comparable with the remedy provided federal prisoners by 28 U.S.C.A. § 2255. Cf. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1951). The federal statute expressly suspends the right to proceed by habeas corpus "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." RCr 11.42 does not contain such an explicit provision, but its purpose plainly implies it.

 Our opinion in Rice v. Davis, Ky., 366 S.W.2d 153 (1963), broadening the remedy of habeas corpus so as to provide an adequate post-conviction review procedure in conformity with the current trend of U.S. Supreme Court opinions, does not apply to proceedings originating on and after January 1, 1963, the effective date of RCr 11.42.

 There being no showing that the remedy by motion pursuant to RCr 11.42 is inadequate to test the legality of appellant's detention, his petition was properly dismissed.

The judgment is affirmed.

Montgomery, J., dissents on the same ground as in Commonwealth v. Strickland, Ky., 375 S.W.2d 701 (1964).