**David W. HIGBEE, Appellant,**

v.

**Luther THOMAS, Warden Kentucky State Penitentiary, Appellee.**

Court of Appeals of Kentucky.

Dec. 13, 1963.

As Modified on Denial of Rehearing March 13, 1964.

David Higbee, pro se.

John B. Breckinridge, Atty. Gen., Ray Corns, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

In October of 1960 the appellant, David Higbee, pleaded guilty to an indictment in the Hopkins Circuit Court charging him with incest and was sentenced to 21 years in prison. KRS 436.060. He was committed to the penitentiary at Eddyville and in May of 1962 filed in the Lyon Circuit Court a petition for habeas corpus based on sworn allegations to the following effect:

(1) On the date of the trial in circuit court "counsel for the defense spent approximately three to five minutes with defendant prior to his assignment and therefore your petitioner did not and could not have a reasonable length of time to make, prepare and present an adequate defense * * * all of which denied to your peti-

tioner effective 'assistance of counsel for his defense,'" etc.

(2) After "the approximate three to five minute conference with said court appointed counsel who dominatedly insisted on entering a 'plea of guilty,' and further your petitioner being overwhelmed by both court and aforesaid counsel also being deceived by an oral statement from the Hopkins County Sheriff to your petitioner's wife in words to the effect that if Dave (meaning me—the petitioner) will plead guilty, he won't get over two to five years, and therefore your petitioner being deceived and under duress and coercion made the plea to the court but not of his own free will."

(3) The prosecuting witnesses, Betty L. Higbee and Rowena Higbee, had demanded withdrawal of the incest charge in October of 1960.

The Lyon Circuit Court sustained the Commonwealth's motion to dismiss the petition for habeas corpus on the ground it did not state facts upon which relief could be granted. Higbee then appealed to this court in forma pauperis. Our decision affirming the dismissal was expressed as follows in a memorandum opinion written by Judge Moremen:

"(1) The broad allegation contained under this item is not sufficient to cause the writ to issue. Three to five minutes of time on the day of the trial may have been sufficient if defendant intended to plead guilty. Etherton v. Jones, Warden, Ky., 350 S.W.2d 151.

"(2) Item two is subject to the same criticism because it is merely alleged that counsel 'dominatedly insisted on entering a plea of guilty' and petitioner was overwhelmed by the court and counsel. The allegation is entirely too general to be the basis for the issuance of the writ. The allegation that reliance was had upon the statement made by the sheriff to his wife indicates that he was willing to plead guilty in order to receive a short sentence. The sheriff has no right or authority to bind the

court or the Commonwealth's attorney or the jury with such a promise.

"(3) The alleged crime was committed against the peace and dignity of the Commonwealth of Kentucky and the right of prosecution was not a personal one vested in the two complaining witnesses. As was pointed out in Roberson's New Kentucky Criminal Law and Procedure, 3d Edition, page 7, wrongs are either public or private 'and in case of a crime, when the state's right and duty to punish has accrued, the person particularly injured has no control over the criminal proceedings and he can make no settlement with the wrongdoer that can take away the right of the state to punish it. Thus a woman who has been ravished can not condone the crime by excusing or forgiving her ravisher.'

"We find nothing in the foregoing allegations, even if true, which would have rendered the judgment void. At most, it would have been merely erroneous and such a judgment may not be reached by a writ of habeas corpus. See Owen v. Commonwealth, Ky., 280 S.W.2d 524; Adams v. Tuggle [300] Ky. [751], 189 S.W.2d 601; and Etherton v. Jones, Ky., 350 S.W.2d 151."

The Supreme Court of the United States has sustained Higbee's petition for a writ of certiorari and remanded the case to this court "for further consideration in light of Commonwealth of Pennsylvania ex rel. Herman v. Claudy, 350 U.S. 116, 76 S.Ct. 223, 100 L.Ed. 126." Higbee v. Thomas, 375 U.S. 13, 84 S.Ct. 79, 11 L.Ed.2d 41 (1963).

The opinion in Commonwealth of Pennsylvania ex rel. Herman v. Claudy states categorically that if Claudy should prove the allegations of his petition he would be entitled to relief. Claudy's allegations, however, were very different from Higbee's, and we must confess that the rather oblique mandate of the Supreme Court in this case leaves us in the dark as to whether, if Higbee's factual allegations (distinguished from the legal conclusions con-

tained in his petition) prove true, his conviction was void. In the fashion of a shell game, having guessed once we are simply told to guess again.

■ This much now seems certain, that Higbee's petition for habeas corpus said enough to entitle him to a hearing. Cf. Rice v. Davis, Ky., 366 S.W.2d 153 (1963). It is our opinion that the alleged attempt of the prosecuting witnesses to "withdraw" the incest charge may be eliminated as clearly insufficient to raise a jurisdictional or constitutional question, thus leaving two issues to be heard and determined, (1) whether Higbee had reasonable and effective representation of counsel and (2) whether he understood the nature and consequences of a guilty plea and entered the plea voluntarily, which is to say, free of such pressures or inducements as would make it unfair to hold him to it. In reaching its conclusions on these issues the trial court should make detailed findings of fact in support, and if either issue be resolved in the affirmative the judgment of the Hopkins Circuit Court shall be declared void and the prisoner remanded to the custody of the Sheriff of Hopkins County pending a new trial in that court.

■ Since the inception of this proceeding a new post-conviction review procedure has been established in the form of RCr 11.42, which provides for a direct attack upon any conviction that would otherwise be subject to collateral attack.[1] An RCr 11.42 motion is a resumption or continuation of the criminal proceeding, in which the movant is entitled to appointed counsel upon a showing that he is financially unable to employ one. As the motion is in the same court wherein the conviction was had the records are available. A habeas corpus action, on the other hand, is

essentially civil in nature. Crady v. Cranfill, Ky., 371 S.W.2d 640 (1963). More often than not it is brought in a different court from the one in which the judgment under attack was rendered. Hence neither the records nor the witnesses are readily available, and the state is not obliged to furnish an indigent prisoner a copy of the record or an appointed counsel. This habeas corpus proceeding having originated prior to the effective date of the Rules of Criminal Procedure, Higbee is entitled to have it determined under authority of Rice v. Davis, Ky., 366 S.W.2d 153 (1963),[2] but it is not incumbent on the trial court to provide him the various protections now available to him by virtue of RCr 11.42

The judgment is reversed for further proceedings consistent with this opinion.

1. The statement in Tipton and Sprinkle v. Commonwealth, Ky., 376 S.W.2d 290 (1963), an RCr 11.42 proceeding, that insufficiency of proof of venue is not a ground for collateral attack on a judgment was not intended to imply that the

RCr 11.42 motion there under discussion was a collateral attack.

2. See Ayers v. Davis, Ky., 377 S.W.2d 154 (1964), holding habeas corpus unavailable unless the remedy by motion under RCr 11.42 is shown to be inadequate.