**Charles WALKER, Appellant,**

v.

**John WINGO, Warden, Kentucky State Penitentiary, Appellee.**

Court of Appeals of Kentucky.

Feb. 4, 1966.

Charles Walker, pro se.

Robert Matthews, Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

Charles Walker, who is serving a life sentence in the penitentiary under an October 1963 conviction of armed robbery, has appealed from an order of the Lyon Circuit Court dismissing a habeas corpus petition filed by him in November 1965 by which he sought to have the judgment of conviction declared void on the ground that he was denied right of counsel at the time he was arrested and made a confession, and upon the trial. The circuit court, relying on Ayers v. Davis, Ky., 377 S.W.2d 154, held that habeas corpus would not lie because there was no showing that the remedy prescribed by RCr 11.42 was not adequate.

Late in 1964 Walker filed two motions under RCr 11.42 to vacate the judgment under which he is confined. Both motions were overruled. He appealed from the order overruling the second of those motions, and the order was affirmed. See Walker v. Commonwealth, Ky., 386 S.W.2d 452. He did not allege denial of counsel in either of those motions, but he reasonably could have, wherefore he is precluded, under the third subsection of RCr 11.42, from raising that issue in another 11.42 proceeding. He contends in the instant case that since he is precluded from raising the issue in an 11.42 motion, that rule does not provide an adequate remedy, so he is entitled to resort to habeas corpus.

The fact that a prisoner has lost his remedy under RCr 11.42 by failing properly to invoke it does not mean that the rule does not provide an adequate remedy within the meaning of Ayers v. Davis, Ky., 377 S.W.2d 154. That case makes clear that a motion under RCr 11.42 is the exclusive post-conviction remedy where it can or could have been resorted to for the purpose of testing the legality of the prisoner's detention. And the rule itself makes plain the purpose to put a reasonable limit on the number of post-conviction proceedings that may be instituted by a prisoner. See Tipton v. Commonwealth, Ky., 398 S.W.2d 493 (decided January 21, 1966).

To accept Walker's contention here would be to open the door to an endless, alternating succession of post-conviction proceedings. We do not accept it.

In passing we shall say that there appears to be no merit in Walker's claim of denial of counsel. At the time he was arrested and confessed he did not request counsel. See Scamahorne v. Commonwealth, Ky., 394 S.W.2d 113. And upon the trial he refused to be represented by the counsel theretofore appointed for him and chose to represent himself. See Tanner v. Commonwealth, Ky., 375 S.W.2d 694.

The judgment is affirmed.