**John W. WINGO, Warden, Kentucky State Penitentiary, Appellant,**

**v.**

**Charles E. RINGO, Appellee.**

Court of Appeals of Kentucky.

Nov. 11, 1966.

Robert Matthews, Atty. Gen., Joseph H. Eckert, Asst. Atty. Gen., Frankfort, for appellant.

Charles E. Ringo, pro se.

CULLEN, Commissioner.

Appellee Charles E. Ringo, serving two consecutive life sentences in the state penitentiary in Lyon County pursuant to a 1964 judgment of the Jefferson Circuit Court, instituted habeas corpus proceedings in the Lyon Circuit Court seeking release from

confinement on the ground that in his conviction and sentencing there was a violation of due process. The Lyon Circuit Court found merit in the ground and entered judgment holding the 1964 conviction invalid. The warden of the penitentiary has appealed.

The indictment under which Ringo was tried charged (1) armed assault with intent to rob (punishable with 21 years, life or death); (2) storehouse breaking (1 to 5 years); and (3) three previous felony convictions (life, when coupled with a current conviction). The instructions authorized the jury to impose the specific penalties for the two current offenses charged, or, as to each of such offenses, if the jury found the defendant guilty on the specific count of that offense and on the count of previous convictions, to impose a life sentence. The jury found Ringo guilty on the armed assault count and fixed his punishment at life imprisonment; also they found him guilty on the storehouse-breaking count and on the count of previous convictions, and fixed his punishment on those combined counts at life imprisonment. The court in entering judgment directed that the two sentences be served consecutively.

The Lyon Circuit Court found that there was a violation of due process in the way the habitual criminal law was applied on Ringo's trial. We do not agree.

■ The habitual criminal statute, KRS 431.190, simply means that when a person has (progressively) committed and been convicted of two or more felonies, thereafter, as to him, the *minimum* penalty for any felony he commits is life imprisonment (if the jury finds the fact of the previous convictions). McIntyre v. Commonwealth, 154 Ky. 149, 156 S.W. 1058; Allen v. Commonwealth, 272 Ky. 533, 114 S.W.2d 757; Coleman v. Commonwealth, 276 Ky. 802, 125 S.W.2d 728; Harrod v. Whaley, Ky.,

239 S.W.2d 480. This being so, Ringo's position was the same as if he were being tried for two current offenses each of which carried a possible penalty of life imprisonment. Imposing a life sentence on each charge in the latter situation would be perfectly proper, and so also in Ringo's actual situation. Clearly, had he not been charged as an habitual criminal, the jury could have given him a life sentence on the armed assault charge and a five-year sentence on the storehouse-breaking charge. The habitual criminal charge merely had the effect of adding life imprisonment to the group of possible penalties for the storehouse-breaking offense.

■ The fallacy in the opinion of the Lyon Circuit Court lies in its conclusion that only as to *one* subsequent felony can the punishment be enhanced by reason of previous felony convictions. Our cases make it clear that the enhancement validly is applicable to *every* subsequent felony. McIntyre v. Commonwealth, 154 Ky. 149, 156 S.W. 1058; Harrod v. Whaley, Ky., 239 S.W.2d 480.

■■ Properly, the Lyon Circuit Court should not have entertained Ringo's habeas corpus petition because there was no showing of inadequacy of the remedy provided by RCr 11.42. See Ayers v. Davis, Ky., 377 S.W.2d 154. A further ground for denying post-conviction relief would have been that Ringo, in a previous proceeding under RCr 11.42, had raised issues (which were decided against him) concerning the use of the habitual criminal statute on his trial. See Tipton v. Commonwealth, Ky., 398 S.W.2d 493; Walker v. Wingo, Ky., 398 S.W.2d 885. We have considered it appropriate, however, for us to rule on the merits of Ringo's asserted ground for relief.

The judgment is reversed with directions to enter judgment denying the petition for release from confinement.