Robert HARDY, Appellant,

v.

James F. HOWARD, Superintendent, Kentucky State Reformatory, etc., Appellee.

Court of Appeals of Kentucky.

May 29, 1970.

Rehearing Denied Oct. 9, 1970.

————◆————

Robert Hardy, pro se.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

CLAY, Commissioner.

Petitioner, who is presently confined in the Kentucky State Reformatory at La-Grange, filed this habeas corpus proceeding in the Oldham Circuit Court. His petition was dismissed on the ground that he had an adequate remedy provided by RCr 11.42.

It appears that on March 3, 1967, upon a plea of guilty, petitioner was given a *one-year* sentence on a charge under KRS 434.070(2) in the Mason Circuit Court. He was placed on probation. On October 17, 1968, his probation was revoked and the trial court entered a judgment imposing a *two-year* sentence under KRS 439.300(1).

On May 26, 1969, he filed a motion under RCr 11.42 in the Mason Circuit Court to have the judgment corrected and his motion was overruled. Subsequently the present petition was filed and on January 13, 1970, it was dismissed on the ground that petitioner's remedy was by an RCr 11.42 proceeding.

On February 13, 1970, in Hord v. Commonwealth, Ky., 450 S.W.2d 530 (1970), in an RCr 11.42 proceeding, we held that KRS 439.300(1) was unconstitutional to the extent it authorized the imposition of an additional sentence upon the revocation of probation. We held in effect that the judgment was void to the extent it imposed such an additional sentence. Under that pronouncement of law, petitioner is now serving time under an illegal sentence and he is entitled to immediate release.

In Howard v. Ingram, Ky., 452 S.W.2d 410 (decided March 27, 1970), we had before us practically the identical question here presented. The trial court had released the petitioner in a habeas corpus proceeding and the issue was whether he properly should have proceeded by motion under RCr 11.42. We held that technically the latter procedure was the proper one, but to avoid "circuity of motion" we affirmed the judgment in the habeas corpus proceeding releasing the petitioner.

In Ingram we noted that proceedings under RCr 11.42 afford the exclusive remedy unless a showing is made that such remedy

is inadequate. We still adhere to that view but are confronted with a procedural situation similar to the one appearing in that case. To affirm the present judgment on the ground that the wrong remedy was invoked would simply postpone the ultimate adjudication of petitioner's right to relief and would require further court proceedings which under the circumstances appear unnecessary in the administration of justice. A further procedural difficulty could arise in view of the fact that petitioner has already presented the question before us in an RCr 11.42 proceeding and he failed to appeal an adverse judgment. Since a new pertinent rule of law was laid down in Hord after the disposition of his former RCr 11.42 motion, we do not think he is foreclosed from seeking relief. See Alford v. State of North Carolina, C.A. 4, 405 F.2d 340 (1968). Having considered the many problems involved, we are of the opinion that justice requires terminating this controversy in this proceeding. On the assumption that petitioner has already served his one-year sentence, he is entitled to immediate relief.

The judgment is reversed, with directions to grant petitioner the relief prayed for in his petition.

HILL, C. J., and MILLIKEN, NEIKIRK, PALMORE, REED and STEINFELD, JJ., concur.

OSBORNE, J., not sitting.