**Roy WALTERS, Movant,**

v.

**Steve SMITH, Superintendent, Respondent.**

Supreme Court of Kentucky.

April 22, 1980.

Jack E. Farley, Public Advocate, Donna B. Proctor, Asst. Public Advocate, Frankfort, for movant.

Robert F. Stephens, Atty. Gen., Reid C. James, Asst. Atty. Gen., Frankfort, for respondent.

LUKOWSKY, Justice.

The question presented is whether the release of a habeas corpus petitioner moots his case. The Court of Appeals answered yes. We reverse and remand with directions that the appeal from the dismissal of the habeas corpus petition be determined on its merits.

The relevant facts are simple. Walters, *pro se*, petitioned the circuit court from a writ of habeas corpus, which was denied. Walters then filed his notice of appeal from the judgment. While the appeal was pending, Walters was paroled. In response to a show cause from the Court of Appeals Walters argued that the parole did not moot the habeas corpus petition and further moved the court to add the Commissioner of the Bureau of Corrections as a respondent. The Court of Appeals denied the motion and dismissed the appeal as moot.

KRS 419.020 reads in part as follows: "The writ of habeas corpus shall be issued upon petition on behalf of anyone showing by affidavit probable cause that he is being detained without lawful authority . . ." This statute is a codification of the Great Writ which is guaranteed by section 16 of the Kentucky Bill of Rights.

■ The primary purpose of habeas corpus is to determine the legality of the restraint under which a person is held. *See Vickery v. Lady*, Ky., 264 S.W.2d 683 (1953); *Smith v. Henson*, 298 Ky. 182, 182 S.W.2d 666 (1944); 39 Am.Jur.2d, Habeas Corpus secs. 1 & 4. Clearly, the writ of habeas corpus applies to determine the legality of the incarceration of a petitioner. But are the physical restraints upon the person of a petitioner who is in parole status significant enough that he could be "detained without lawful authority?" We hold that they are.

■ KRS 439.348 places paroled prisoners under the supervision of the Bureau of Corrections "subject to its direction" for the duration of the parole period. We are not advised what admonitions and restrictions were addressed to Walters at the time of his parole. Suffice it to say, however, that the bureau has the authority to apply constraints on his "liberty to go where [he] will," as is expressed in the English cases, and that is enough to support habeas corpus jurisdiction. *See Jones v. Cunningham*, 371 U.S. 236, 239, 83 S.Ct. 373, 377, 9 L.Ed.2d 285, 288–89 (1963).

The common meaning of "detain" is "to hold or keep as if in custody," Webster's Third New International Dictionary 616 (1971). But "custody" does not require that the petitioner "be confined in a jail or prison. Nor, indeed, is it even necessary that he be in actual physical custody; it is sufficient merely that he be restrained of his liberty to a significant degree." 4 Wharton's Criminal Procedure sec. 650 (C. Torcia, 12th ed. 1976).

We recognize that there is a conflict among the various jurisdictions as to whether parole provides sufficient restraint on the person. *See* Annot. 92 A.L.R.2d 682 sec. 3 and cases cited therein. However, the trend of decisions is to recognize the pervasive restraints of parole as being sufficient custody or detention to require the court to consider the merits of the habeas corpus petition. *See* 4 Wharton, *supra*, sec. 650–51 (Supp.1978).

We conclude that placing a habeas corpus petitioner upon parole does not frustrate the Great Writ. The fact that the person is

now under the restraint and supervision of a different agent of the Commonwealth does not affect the lawfulness of the underlying authority which requires that person to submit to the restraint. The Court of Appeals should have granted the motion to add the Commissioner of the Bureau of Corrections as a party and then should have determined the merits of the habeas corpus petition in due course.

This position is in accord with the construction of the federal habeas corpus statute. 28 U.S.C. sec. 2241. As we have shown above the term "in custody" used by the federal habeas corpus statute, is analogous to "detained," used in KRS 419.020. Faced with facts virtually identical to this case, the United States Supreme Court stated:

> "[Parole] significantly restrain[s] [a] petitioner's liberty to do those things which in this country free men are entitled to do. Such restraints are enough to invoke the help of the Great Writ. Of course, that writ could and still can reach behind prison walls and iron bars. But it can do more. It is not now and never has been a static, narrow, formalistic remedy; its scope has grown to achieve its grand purpose—the protection of individuals against erosion of their right to be free from wrongful restraints upon their liberty. While petitioner's parole releases him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom; this is enough to keep him in the 'custody' of the members of the Virginia Parole Board within the meaning of the habeas corpus statute; . . ." *Jones v. Cunningham, supra*, at 243, 83 S.Ct. at 377.

The order of the Court of Appeals dismissing the appeal is reversed, and the case is remanded to that court with directions to decide the appeal on the merits.

All concur, except STEPHENS, J., who did not sit.