**COMMONWEALTH of
Kentucky, Movant,**

v.

**Winslow MARCUM, Respondent.**

No. 93–SC–462–DG.

Supreme Court of Kentucky.

March 24, 1994.

Chris Gorman, Atty. Gen., Joseph R. Johnson, Asst. Atty. Gen., Crim. Appellate Div., Frankfort, for movant.

C. McGehee Isaacs, Covington, for respondent.

LEIBSON, Justice.

Winslow Marcum, a prisoner at the Kentucky State Reformatory in Oldham County, filed a Petition for Writ of Habeas Corpus in Oldham Circuit Court against Walt Chapleau, Warden, claiming he is being illegally detained under a void judgment.

On February 1, 1988, the trial judge in Knox Circuit Court formally sentenced Marcum to two years on second-degree burglary, enhanced to five years based on his status as a first-degree persistent felony offender. A "Judgement and Sentence on Plea of Guilty" was signed that date by the trial judge attesting these facts, and this judgment was entered by the circuit clerk on February 3, 1988. Thereafter, in the *same* case and on the same offenses, on March 25, 1988, almost eight weeks later, the trial judge signed and the clerk entered a new "Judgement and Sentence on Plea of Guilty," marked *"AMENDED,"* sentencing Marcum to five years on the second-degree burglary, enhanced to ten years as a first-degree PFO. The second judgment, as did the first, recites that "on the 1st day of February, 1988 the defendant appeared in open court ... with his attorney Hon. Carlos Pope." Marcum's verified Petition states the March 25 judgment was signed and entered "without petitioner, or his counsel, present," and the amended judgment confirms this.

The maximum period for Marcum's incarceration under the February 1988 judgment has expired. The Petition for Writ of Habeas Corpus seeks Marcum's immediate release on grounds that the trial court had lost jurisdiction to alter, amend or vacate the February judgment when the *"AMENDED"* March 25, 1988 judgment was entered: that it is a void judgment and Marcum's continued incarceration by the Warden and the Kentucky Department of Corrections is unlawful.

Two responses were filed to the petition on behalf of Warden Chapleau, one by counsel for the Department of Corrections and a second by the Attorney General's office. Neither contested the facts. The Attorney

General claimed only that Oldham Circuit Court should not "entertain a habeas corpus petition" because there is no showing the RCr 11.42 procedure is inadequate: "The petitioner should pursue his attack on the Knox Circuit Court Judgment in the Knox Circuit Court." The response filed by the Department of Corrections, after reciting the *same* facts stated in the Petition for Writ of Habeas Corpus, argues, as did the Attorney General, that "Petitioner's arguments should not be raised in [Oldham Circuit] Court but in the sentencing court by way of RCr 11.42 motion or by appeal."

On March 3, 1993, the Oldham Circuit Court judge signed an order designated "FINDINGS and ORDER" (entered March 4, 1993), which refers to the sentencing on February 1 as only a "final hearing" and then recites as a finding that "the final sentence was recorded by the Clerk on March 28, 1988." This order from Oldham Circuit Court disposes of Marcum's claim that he was sentenced on the February date as lacking "supporting documentation," and then concludes:

"Based on these factors, the matter remains on the active docket and the Court will allow twenty [20] days for the petitioner to either supplement the present record with additional court documents to support his statements as to successive sentences or, in the alternative, request the Court to transfer this entire matter to the Knox Circuit Court with same to be treated as an RCr 11.42 motion.

In the event the petitioner takes no additional steps to either supplement this record or request the transfer, the pending petition for writ of habeas corpus will be dismissed."

■ Complying with the March 3, 1993 order, on March 22 petitioner supplemented his petition for a writ of habeas corpus with copies of the "Judgment and Sentence on Plea of Guilty" dated February 1, 1988 (entered February 3, 1988) and the "*AMENDED*" judgment dated March 25, 1988. Petitioner did not request transfer of this matter to the Knox Circuit Court to be treated as an RCr 11.42 motion as the trial court had suggested, electing instead to pursue habeas

corpus, which is, of course, both a constitutional right (*see* Kentucky Constitution, Sec. 16) and an expedited remedy (*see* KRS Chapter 419).

Notwithstanding the supplementing documents, the trial court then dismissed the writ by final "Order Dismissing Writ of Habeas Corpus" dated April 9, 1993, entered April 12, 1993, stating:

"Based upon a review of the additional information, the Court incorporates its March 4, 1993 order ... and in that there is no pending request by the petitioner to transfer this matter to the Knox Circuit Court to be treated as an RCr 11.42 motion, the pending petition for writ of habeas corpus be and is hereby dismissed."

On appeal, the Kentucky Court of Appeals stated the sole issue was whether Marcum was confined to seeking a remedy "by way of RCr 11.42" in Knox Circuit Court where the sentence was imposed. The Court of Appeals reversed the trial court on this issue, and remanded the case to the Oldham Circuit Court "to be reconsidered" accordingly.

The Commonwealth sought, and was granted, discretionary review in our Court. For reasons to be stated, we affirm.

The Commonwealth argues that habeas corpus is no longer a viable remedy where the issue is post-conviction relief, because the procedure provided by RCr 11.42 supplants habeas corpus. RCr 11.42 provides a "prisoner in custody under sentence" both a method and a "right to be released on the ground that the sentence is subject to collateral attack." This attack must be made by "motion in the court that imposed the sentence to vacate, set aside or correct it" (RCr 11.42(1)), which, of course, is the Knox Circuit Court in present circumstances. In support of its position, the Commonwealth cites *Wingo v. Ringo*, Ky., 408 S.W.2d 469 (1966) and its progeny. In *Wingo v. Ringo*, our Court reversed the decision of the trial court to grant a writ of habeas corpus challenging enhanced punishment as a habitual offender on two separate charges tried together, and, after first deciding on the merits that the sentences originally imposed were lawful, next addressed the procedure, stating:

"Properly, the Lyon Circuit Court should not have entertained Ringo's habeas corpus petition because there was no showing of inadequacy of the remedy provided by RCr 11.42. See *Ayers v. Davis,* Ky., 377 S.W.2d 154." *Id.* 408 S.W.2d at 470.

While the *Wingo v. Ringo* opinion has technical problems, the principle stated above has been cited and followed in subsequent cases. The problem is not in the general principle, but in deciding what constitutes a "showing of inadequacy of the remedy provided by RCr 11.42." The solution lies in balancing the competing interests of the Commonwealth and those of the prisoner seeking post-conviction relief.

▮ On the one hand, RCr 11.42, a rule of this Court, certainly cannot supplant the right to a writ of habeas corpus, a fundamental right guaranteed by Sec. 16 of our Kentucky Constitution. Where the writ would apply, the rule can only substitute where it is fully as adequate. This writ is an expedited procedure of a summary nature. *See* KRS 419.020–.110. The statutory provisions in KRS Chapter 419 implementing the constitutional guarantee of the writ of habeas corpus emphasize the importance of an expedited procedure where it is clear someone is being unlawfully detained. KRS 419.030 specifies "[t]he writ must be made returnable as soon as possible." KRS 419.110(1) specifies "[t]he hearing on the writ shall be summary in nature." KRS 419.130 provides a method for an expedited appeal. Because this case involved habeas corpus, as contrasted with an RCr 11.42 procedure, this case was assigned out and decided in the Court of Appeals in barely two months, and treated as expeditiously as possible in our Court. An RCr 11.42 is treated as a routine case in the circuit court, and follows a normal appellate procedure, all of which can take several years.

On the other hand, as the Commonwealth maintains, RCr 11.42 provides an alternate method for a collateral attack on a final judgment which is a more orderly procedure, which provides for a hearing in the place where the person now detained was originally sentenced so that both records and witnesses are available, and which ultimately should afford the same relief, albeit the process will take much longer. The Commonwealth argues vehemently that the handful of circuit courts with geographical responsibility for incarceration facilities would be overwhelmed if prisoners in these facilities may collaterally attack the judgments of imprisonment by writ of habeas corpus rather than being restricted to an RCr 11.42 procedure in the place where they were sentenced. This, of course, would be so if all manners of collateral attack upon a judgment of conviction covered by RCr 11.42 could be reached in like manner by habeas corpus.

Thus the issue here involves the balance between the Commonwealth's need for the orderly procedure as provided for by RCr 11.42 and the prisoner's right to an expeditious release through habeas corpus when it is patently obvious he is being unlawfully detained. When should the prisoner be entitled to demand habeas corpus notwithstanding the alternative provided by RCr 11.42? How should we define when the RCr 11.42 procedure should be deemed inadequate notwithstanding that over time presumably it will achieve the same result?

Long ago, in *Smith v. Henson,* 298 Ky. 182, 182 S.W.2d 666, 667 (1944), we stated "[o]rdinarily the writ will not be granted where there is another adequate remedy." We further stated:

"It is to be borne in mind also that where there has been a judgment in the case, a habeas corpus proceeding is a collateral attack on that judgment. It lies only where the judgment is void and does not lie to obtain a new trial or an appeal or release from custody by establishing error or disclosing some latent or hidden fact which may have affected the result." *Id.* at 668.

▮ RCr 11.42, like habeas corpus, provides a procedure for "collateral attack" but it uses the term in a much broader sense than applies when using habeas corpus to attack a void judgment. RCr 11.42 encompasses every issue that suffices as reason to vacate a judgment which could not have been addressed by direct appeal. Such reasons

need not be jurisdictional in nature, nor necessarily such as to render the judgment void or even voidable. They may, and usually do, encompass substantive or procedural defects with no bearing on the power of the court to enter the judgment under which the prisoner is presently confined. In a word, it covers many issues which are not jurisdictional as well as the rare issue which is truly jurisdictional.

■ The present case is qualitatively different from the usual RCr 11.42 case. The issue presented here by the habeas corpus petition is: the trial court entered judgment on February 3, 1988; that judgment became final once ten days had elapsed with no action taken to alter, amend or vacate it (RCr 10.02; CR 59.05); and thus the trial court's judgment of March 25, 1988 was a nullity because the court had *lost jurisdiction* over the case. Otherwise stated, the attempt to amend its judgment was beyond its power. Given the uncontroverted facts here, this contention seems irrefutable. The Oldham Circuit Court order calling the February 1, 1988 judgment a "final hearing" rather than a judgment simply cannot make it so. There is nothing in the record to show it was anything but a judgment.

* In *Silverburg v. Commonwealth,* Ky., 587 S.W.2d 241, 244 (1979), we explain:

"Where the Criminal Rules do not provide a time, the Civil Rules shall apply. RCr 1.10. CR 59.05 provides that a judgment may be altered, amended or vacated within ten days after the entry of the final judgment. The order of June 21, 1976 [purporting to amend the judgment and sentence on a perjury conviction previously entered], was entered 38 days subsequent to the May 14, 1976, judgment. The court had *lost jurisdiction* of the case and the entry of the order modifying the sentence is *void.*" Emphasis added.

■ Thus Marcum's petition is qualitatively different from those cases that involve a collateral attack on a judgment alleging defects in the procedure, substantive or procedural, which are not jurisdictional, but are reasons why the judgment should be vacated. There are certain fundamental rules which establish the window in time during which a trial court has jurisdiction over a given case. In the present case, that window closed ten days after the entry of judgment on February 3, 1988. Marcum's petition presents the rare case where the judgment by which he is presently detained, signed March 25, 1988, is a nullity because it was entered after the trial court had lost jurisdiction of the matter. Its peculiar characteristic as a void judgment could be (and was) fairly established within the parameters of a "hearing . . . summary in nature." KRS 419.110(1). Habeas corpus is an appropriate remedy, and RCr 11.42 is an inadequate remedy in these circumstances.

■ It is of no consequence that the sentence meted out in the final judgment entered February 3, 1988 inadvertently may have fixed a shorter sentence than the court intended, or a shorter sentence than was appropriate given the statutory minimum which is supposed to apply when a second-degree burglary conviction is enhanced as a PFO I. These are errors which the Commonwealth's Attorney should have brought to the attention of the trial court when they were made, so that the judgment could have been amended within the ten day period during which the trial court retained jurisdiction to correct such errors.

■ On the other hand, because the March 25, 1988 judgment was void *ab initio,* the petitioner was under no obligation to undertake a direct appeal, even assuming that he was aware of the judgment. We doubt that he had such knowledge because he was not present when the March 25 document was signed. In addition to his own verified petition so stating, we would assume that he had already been committed to imprisonment at the facilities of the Department of Corrections, as required by RCr 11.22. RCr 11.22 requires execution of the judgment within ten days "by delivering the defendant and a certified copy of the judgment to the person in charge of the institution of confinement." Presumably, Marcum was well on his way before March 25, 1988.

■ Thus we recognize as the general rule that the RCr 11.42 procedure is adequate for a collateral attack by a prisoner in

custody under a judgment which he believes to be defective for one reason or another. But we recognize as an exception that the prompt relief available by writ of habeas corpus remains for a prisoner who can establish in a summary procedure that the judgment by which he is detained is void *ab initio.* An exception of this nature, narrowly circumscribed as it is, should not inundate circuit courts in the counties where prisons are geographically located with a flood of litigation. Petitions in cases beyond the scope of this opinion will be disposed of summarily. But in a case such as this habeas corpus is the appropriate remedy, and the existence of RCr 11.42 should not, and shall not, deprive the petitioner of his right to its use.

We affirm the Court of Appeals, and remand this case to the trial court to proceed accordingly.

STEPHENS, C.J., and LAMBERT and STUMBO, JJ., concur.

REYNOLDS, J., concurs in results only.

WINTERSHEIMER, J., dissents by separate opinion in which SPAIN, J., joins.

WINTERSHEIMER, Justice, dissenting.

I would agree with the majority opinion in so much that the order of March 25, 1988 is void *ab initio* and that in very limited situations, such as those presented by these facts, habeas relief is an appropriate remedy. RCr 11.42 procedures are wholly inadequate when a citizen is detained without authority of law. The opinion does not however adequately analyze the underlying problem and potential harm it will cause the criminal justice system.

The opinion should stress the fact that habeas relief need not be generally available whenever a prisoner believes he was wrongly convicted or that some collateral attack on the sentence is possible. RCr 11.42 works well in those situations. The majority opinion is inviting every inmate to launch any and all conceivable attacks on their respective sentences through habeas actions. Such an open invitation will inundate the local courts with a multitude of filings. The local court will be required to analyze and decide each one even though many will ultimately prove to be without merit.

A better alternative is to recognize that while the second sentencing order is indeed void, the initial order was contrary to law and should therefore also be considered void. Marcum was convicted of second degree burglary and PFO I. The original sentence entered against him was two years for burglary which was ordered enhanced to five years because of the PFO status.

Burglary in the second degree is a Class C felony. KRS 511.030(2). KRS 532.060(2)(c) requires the court to order a sentence of "not less than five years nor more than ten years" on conviction of a Class C felony. Marcum was also found guilty of being a Class I PFO. KRS 532.080(6)(b) requires that upon conviction of a Class C felony, a PFO I "shall be sentenced to" a period of "not less than ten years nor more than twenty years."

The original sentence of two years enhanced to five was on its face a violation of the requirements of the statutes. Since the original sentencing order of the court was outside the scope of the court's authority, it too is void.

This now leaves us with a situation where Marcum has been convicted of a crime, has been incarcerated for a period of years but has actually never been properly and legally sentenced. As noted by Marcum in his appeal of the denial of habeas relief, the trial court no longer retains jurisdiction over the matter. Without such power, the trial court is indeed unable to enter an appropriate order of sentence.

The only alternatives are to allow Marcum to go free even though he has not served a minimum sentence as required by the statute, which is the posture suggested by the majority opinion, or to correct the error which has resulted in such an absurdity. The only court which currently maintains jurisdiction over this subject matter and person is this Court. Any order which attempts to correct the error below can only come from this Court.

The Supreme Court is limited to "appellate jurisdiction only, except it shall have the

power to issue all writs necessary in aid of ... the complete determination of any cause, or as may be required to exercise control of the Court of Justice." Kentucky Constitution § 110. This Court has the power to order the complete determination of Marcum's sentencing and it may act to exercise control over the trial court which failed to order appropriate sentencing.

The only reasonable alternative available is for this Court to take the admittedly rare and extreme measure of ordering the trial court to cause a legal and formal sentencing order to be entered into the record as expeditiously as is possible. That sentence must conform to KRS 532.080 and impose a sentence of not less than ten years nor more than 20 years. The only rational solution to this inadvertent human error is to issue such an order.

SPAIN, J., joins in this dissent.