RENDERED: MARCH 23, 2017
TO BE PUBLISHED

## Supreme Court of Kentucky

2016-SC-000076-DG

FINAL

DATE 8\24\17 Kim Redmon, DC

DURAND EDWARD MURRELL                                                   APPELLANT

ON REVIEW FROM COURT OF APPEALS
V.                     CASE NO. 2015-CA-001651-MR
BOYLE CIRCUIT COURT NO. 15-CI-00229

DON BOTTOM, WARDEN                                          APPELLEE
NORTHPOINT TRAINING CENTER

**OPINION OF THE COURT BY JUSTICE CUNNINGHAM**

**AFFIRMING ON OTHER GROUNDS**

In May of 2015, Appellant, Durand Edward Murrell, then a prisoner at the Northpoint Training Center, filed a Petition for Writ of Habeas Corpus in the Boyle Circuit Court against Warden Don Bottom.

In 1993, a Jefferson Circuit Court sentenced Appellant to a total of forty-two years' imprisonment for seventeen counts of first-degree robbery, six counts of second-degree wanton endangerment of a police officer, and one count each of third-degree assault of a police officer and first-degree escape. In 1994, the United States District Court for the Western District of Kentucky sentenced Appellant to 152 months' incarceration for one count each of armed bank robbery, use of a firearm in a crime of violence, and carjacking.

Appellant's federal sentence was ordered to be served consecutively to his state sentence. At the time of Appellant's federal sentencing, he was in the custody of the Kentucky Department of Corrections ("DOC"). Consequently, the Federal Bureau of Prisons ("FBOP") issued a detainer in order to obtain custody upon Appellant's release from state custody.

On January 18, 2001, the Kentucky Parole Board ("KPB") paroled Appellant to his federal detainer. Appellant was then transferred from state custody to federal custody, where he remained for approximately eleven years. On March 31, 2011, FBOP notified DOC in writing of its intent to release Appellant under federal supervision to Dismas Charities of Louisville Halfway House. On September 12, 2012, Appellant was released from federal supervision. Appellant immediately reported to his local Probation and Parole Office and was placed on active state parole supervision.

On October 24, 2013, after obtaining new criminal charges, the KPB revoked Appellant's parole. Appellant filed a petition for writ of habeas corpus in the Boyle Circuit Court after exhausting possible administrative remedies. Appellant's sole ground for his petition was that DOC permanently surrendered jurisdiction over his sentence when it transferred custody to Federal authorities in 2001. Appellee, referring the trial court to *Commonwealth v. Marcum*, 873 S.W.2d 207 (Ky. 1994), argued that a writ of habeas corpus is only appropriate if the judgment of conviction under which the prisoner is held is void *ab initio*. Furthermore, Appellee cited the current version of Kentucky Revised Statute ("KRS") 439.340(2) to support his claim that DOC retained

2

jurisdiction over Appellant's sentence. On June 18, 2015, the Boyle Circuit Court accepted Appellee's arguments and issued an order denying Appellant's petition.

On January 16, 2016, the Court of Appeals affirmed the trial court's ruling. First, the Court of Appeals cited *Marcum*, and held that "[h]abeas corpus relief is available *only* for a prisoner who can establish that the judgment by which he is being detained is void *ab initio*." (Emphasis added). Due to Appellant's inability to demonstrate that his 1993 state convictions were void, the Court of Appeals believed a habeas corpus petition was improper. In further support of its affirmance, the Court of Appeals relied on the current version of KRS 439.340(2), which states that paroling a prisoner to another jurisdiction via detainer "shall not constitute a relinquishment of jurisdiction over the prisoner . . . ." This Court granted discretionary review.

The facts in this case are not in dispute. For that reason, this Court will conduct a de novo review of the circuit court's legal conclusions in denying Appellant's petition for writ of habeas corpus. *Commonwealth v. Gaddie,* 239 S.W.3d 59, 61 (Ky. 2007).

A writ of habeas corpus is guaranteed by Section 16 of our Kentucky Constitution. The right is codified in KRS 419.020, which reads that "[t]he writ of habeas corpus shall be issued upon petition on behalf of anyone showing by affidavit probable cause that he is being detained without lawful authority or is being imprisoned when by law he is entitled to bail." It is important to note at this point in our review that Appellant was granted parole in October of 2016.

3

Our analysis, however, does not change. This Court previously acknowledged that the "restraints of parole" are substantial enough "to require the court to consider the merits of the habeas corpus petition." *Walters v. Smith*, 599 S.W.2d 164, 165 (Ky. 1980) (citing 4 Wharton's Criminal Procedure § 650 (C. Torcia, 12th ed. 1976)).

### *Judgment void ab initio*

This Court will first address the trial court's ruling that Appellant's petition must fail as he did not attack his underlying convictions. The Court of Appeals upheld this ruling and stated that "[h]abeas corpus relief is available *only* for a prisoner who can establish that the judgment by which he is being detained is void *ab initio*." (Emphasis added). We disagree with both lower courts. Limiting habeas corpus relief to only those individuals being detained by a judgment that is void *ab initio* is a complete misinterpretation of the law. Our predecessor Court explained that the "primary purpose" of habeas corpus relief is to "determine the legality of the restraint under which a person is held." *Walters*, 599 S.W.2d at 165 (*citing Vickery v. Lady*, 264 S.W.2d 683 (Ky. 1953)). In doing so, this Court has afforded habeas relief to individuals whose underlying judgment is perfectly valid. *Brock v. Sowders*, 610 S.W.2d 591 (Ky. 1980) (habeas relief is appropriate where petitioner is serving sentence in the wrong jurisdiction); *Hardy v. Howard*, 458 S.W.2d 764 (Ky. 1970) (petitioner was entitled to release after being held beyond the satisfaction of his sentence).

Moreover, the lower courts' reliance on *Marcum*, to support their proposition is erroneous. In *Marcum*, the Court held that generally when a

4

prisoner attacks "a judgment which he believes to be defective for one reason or another," an RCr 11.42 procedure will provide that prisoner with an adequate remedy. *Marcum*, 873 S.W.2d. at 211-12. However, the Court clarified that habeas relief is more appropriate for "prisoner[s] who can establish in a summary procedure that the judgment by which he [or she] is detained is void *ab initio.*" *Id.* at 212. This holding has proven to be misinterpreted. Therefore, to clarify, *Marcum* established that proving a judgment is void *ab initio* is but one ground for habeas relief; it is not the only ground. Other means of demonstrating that a prisoner's detention is illegal may also suffice in obtaining a writ of habeas corpus—e.g. when a prisoner is being held beyond his or her lawful sentence.

### KRS 439.340(2)

In regards to the lower courts' second justification for denying Appellant's petition, we turn to KRS 439.340(2). This statutory subsection states, in pertinent part, the following:

> [T]he board may grant parole to any prisoner wanted as a fugitive by any other jurisdiction, and the prisoner shall be released to the detainer from that jurisdiction. Such parole *shall not constitute a relinquishment of jurisdiction over the prisoner,* and the board in all cases expressly reserves the right to return the prisoner to confinement in a correctional institution of the Commonwealth if the prisoner violates the terms of his or her parole.

(Emphasis added). The concern we have with the lower courts' reliance on KRS 439.340(2) is that the emphasized language was not included in the statute until 2002, a year after the KPB paroled Appellant to his federal detainer. Moreover, as Appellant points out, the statute's language fails to state that it is

5

to be applied retroactively. *See Commonwealth Dept. of Agriculture v. Vinson,* 30 S.W.3d 162, 168 (Ky. 2000) ("[T]here is a strong presumption that statutes operate prospectively and that retroactive application of statutes will be approved only if it is absolutely certain the legislature intended such a result."). Furthermore, Appellant argues that if we elect to permit KRS 439.340(2) to be applied retrospectively, his constitutional right to be free from the application of an *ex post facto* law will have been violated. *See* U.S. Const. art I, § 10, cl. 1., § 9, cl. 3, Ky. Const. § 19(1). After careful consideration, this Court declines the opportunity to address the statute's retroactive application because our case law on this issue is dispositive.

**Forfeiture Rule**

Since its inception in 1961, the Commonwealth utilized the "forfeiture rule" when determining if the state relinquished jurisdiction over a parolee who was surrendered to another jurisdiction. *See Jones v. Rayborn,* 346 S.W.2d 743 (Ky. 1961). The best illustration of the forfeiture rule as it relates to the facts currently before us can be found in *Thomas v. Schumaker,* 360 S.W.2d 215 (Ky. 1962), *overruled by Commonwealth v. Hale,* 96 S.W.3d 24, 34 (Ky. 2003). In *Thomas,* the KPB paroled Mr. Schumaker to a federal detainer. *Id.* at 215. After serving his federal sentence, Mr. Schumaker returned to Kentucky and was placed on active state parole. *Id.* Subsequently, Mr. Schumaker returned to prison due to a violation of his parole. *Id.* Mr. Schumaker obtained a writ of habeas corpus and the Court affirmed. *Id.* at 216.

6

The Court explained that KRS 440.330 vested exclusive authority in the Governor to surrender "persons under state custody to the authorities of other jurisdictions . . . ." *Id.* In other words, an unauthorized transfer of custody constituted a relinquishment of jurisdiction. *Id.* Consequently, since the KPB lacked either statutory authority or the approval of the Governor, it completely relinquished jurisdiction when it paroled Mr. Schumaker to his federal detainer. *Id.* In practical effect, the forfeiture rule holds that "an unauthorized transfer of custody constitutes a de facto commutation of sentence because no mechanism exists for Kentucky to reclaim custody . . . ." *Commonwealth v. Hale,* 96 S.W.3d 24, 34-35 (Ky. 2003).

In 2003, however, this Court overruled *Thomas* in *Hale,* 96 S.W.3d at 37. In that case, Hale sought habeas relief based on the forfeiture rule. Like Appellant, Hale argued that the Commonwealth forfeited its right to enforce further fulfilment of his state sentence after it relinquished custody to federal authorities. The Court denied Hale relief and determined that the forfeiture rule is flawed and obsolete. *Id.* In repudiating the forfeiture rule, the Court stated the following:

> [T]his harsh remedy . . . is a relic that has outlived its usefulness. While the forfeiture rule may have had a place as a prophylactic measure designed to prevent regression in the midst of a paradigmatic change in correctional philosophy, we can discern no similarly compelling reason for a forfeiture rule in the 21st Century.

*Id.* (internal citations omitted).

While neither the trial court, nor the Court of Appeals discussed *Hale*, we find it apparent that Appellant's petition is meritless in light of our abandonment of the forfeiture rule. Common sense also dictates this holding. Indeed, federal authorities may dismiss a pending charge or reduce an imposed sentence, but the prisoner still remains subject to his or her Kentucky parole. There is no relinquishment of jurisdiction. Thusly, in accordance with *Hale*, DOC did not forfeit its right to require Appellant to satisfy the remainder of his sentence upon his return to the Commonwealth.

## **Conclusion**

For the aforementioned reasons, the Court hereby affirms the Court of Appeals' affirmance of the Boyle Circuit Court's denial of Appellant's petition for a writ of habeas corpus.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Timothy G. Arnold
Department of Public Advocacy


COUNSEL FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General